IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

ROSE LORENZO,                )
                             )
                 Plaintiff   )
                             )   Case No.
        v.                   )
                             )
PRIME COMMUNICATIONS, L.P., a )   JURY TRIAL DEMANDED
Texas General Partnership,   )
                             )
                 Defendant.  )

## **INTRODUCTION**

Plaintiff Rose Lorenzo ("Lorenzo" or "Plaintiff") brings this action to recover unpaid wages, overtime, commissions, compensatory damages, liquidated damages and attorneys fees from her former employer Prime Communications, L.P. ("Prime" or "Company" or Defendant"), for violations of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 et seq., and the North Carolina Wage and Hour Act (hereinafter "NCWHA"), N.C.G.S. § 95-25.1 et seq. Prime is one of the nation's largest specialty-based retailers of wireless communication products, services and accessories, operating over 230 stores and kiosks in regional malls and shopping centers throughout North Carolina, South Carolina, Georgia, Texas, Indiana, New York, Ohio, Pennsylvania and California, employing more than 900 people in 12 states. At all times alleged in this Complaint, Plaintiff was the victim of a uniform policy and practice to deprive her of lawful wages in willful violation of the FLSA and NCWHA.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1337 (commerce), 28 U.S.C. § 1331 (federal question), and 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1367 (supplemental jurisdiction)

2. Venue is proper in this Court under 28 U.S.C. § 1391. The causes of action asserted herein occurred and/or accrued in Wake County, North Carolina. Venue is also appropriate in this Court because Defendant owns and/or operates one or more retail stores in Wake County, North Carolina. In addition, Defendant's unlawful conduct occurred in, among other places, North Carolina.

## PARTIES

3. Plaintiff is a natural person residing in Wake County, North Carolina and, at all relevant times asserted in this Complaint, was an employee of Defendant in its retail store located at and known as Middle Creek Commons, in Raleigh, North Carolina.

4. Defendant is an enterprise, as defined in 29 U.S.C. § 203(r)(1) and N.C.G.S. § 95-25.2(18), engaged in business in the State of North Carolina, operating retail stores and kiosks for the sale of wireless communication products, services and accessories throughout North Carolina.

## FACTUAL ALLEGATIONS – OVERTIME WAGES

5. Prior to February 2010, Defendant employed Lorenzo as a solutions specialist in its Fuquay-Varina, North Carolina retail store. As a solutions specialist, Lorenzo was paid an hourly wage. Defendant recorded Lorenzo's hours at work, regular and overtime, using a Punch Clock. Lorenzo was paid, regular and overtime pay, on a bi-weekly basis.

2

6. In January 2010, Defendant asked Lorenzo to relocate to its Middle Creek Commons store in Raleigh as a store manager. In order to incentivize Lorenzo to move immediately to the Middle Creek Commons store, Defendant offered Lorenzo bonus wages of One Thousand Five Hundred Dollars ($1,500.00). Lorenzo accepted the Defendant's offer and moved immediately to the Middle Creek Commons store and began work as the store manager on January 30, 2010.

7. Lorenzo's first pay date as an alleged store manager was February 19, 2010. When she received her first earnings statement (sometime after February 19, 2010), she noticed that the Defendant failed to pay her the promised bonus wages and failed to pay her overtime for the hours that she worked over Forty (40) hours during the first pay period as store manager.

8. As an alleged store manager, Lorenzo received a salary, but the Defendant continued to record Lorenzo's hours at work, regular and overtime, using a Punch Clock. Lorenzo continued to be paid on a bi-weekly basis, but received no compensation for overtime hours worked through and including her last day of work on June 17, 2011.

9. Defendant required Lorenzo, as store manager, to keep the Middle Creek Commons store open 9 hours per day, seven days a week, and to participate in telephone conferences at least twice a week outside of store hours. Lorenzo did not perform managerial or administrative duties. Lorenzo did not have authority to hire employees. Most of the time at the Middle Creek Commons store, Lorenzo was the only employee of the Defendant. On occasions, Defendant authorized one other employee of their selection at Middle Creek Commons. Ninety-five (95%) percent of Lorenzo's time at Middle Creek Commons involved the same customer sales activities she performed as a solutions specialist.

10. As a store manager, Lorenzo regularly worked hours in excess of forty hours per week.

11. Defendant classified Lorenzo as a "Salary, exempt" employee which Defendant defined in its 2010 Employee Handbook as those employees ". . . who work on salary and who are not paid based on hours worked." According to Defendant, only employees who are paid hourly are entitled to be paid "time and one-half for hours worked in excess of 40 hours in one (1) week."

12. Lorenzo was not exempt from overtime pay under FLSA because she was not employed in a bona fide executive, administrative or professional capacity. Instead, Lorenzo was employed as an "inside" sales person who earned less than $40,000 per year and who did not earn more than one-half of her total compensation from commissions.

13. Defendant's classifications and its policy and practice with respect to the payment of overtime wages to Lorenzo violated the FLSA and NCWHA, and deprived Lorenzo of the lawful wages to which she was entitled.

**FACTUAL ALLEGATIONS – COMMISSION WAGES**

14. Defendant promised to pay Lorenzo, as a solutions specialist, commissions upon sales of wireless products, services and accessories calculated on "gross profit with factored discounts and features, net of costs, chargeback's [sic], and deductions."

15. Defendant promised to pay Lorenzo, as a store manager, commissions upon store sales of wireless products, services and accessories calculated upon "gross profit" which is "net of costs and chargeback's [sic] with factored discounts and features."

16. Contrary to its promises, Defendant did not pay Lorenzo commissions based upon gross profit, but only upon a portion of Defendant's gross profit allocable to the customer payment at

4

the point of sale, which is only a fraction of the gross profit the company actually received for its store sales.

17. Defendant omitted certain sales from its calculation of gross profit, without providing documentation or an explanation to Lorenzo.

18. Defendant refunded certain of Lorenzo's sales further reducing gross profit, without providing documentation or an explanation to Lorenzo.

19. Defendant charged back against Lorenzo's sales sums attributable to:

i) cancellations and returns of wireless products, services and accessories that were unrelated to Lorenzo's sales;

ii) cancellations and returns of wireless products, services and accessories from store sales under former store managers;

iii) cancellations or returns of wireless products, services or accessories that had not, in fact, been cancelled or returned;

iv) inventory shortages, without disclosure of any loss or verification of any actual loss;

v) returns, which were in fact exchanges, without credit for its replacement; and

vi) sales of prepaid services such as Gophones.

20. Defendant's chargebacks on some of Lorenzo's sales exceeded the gross profit attributable to the sale, resulting in a reduction of gross profit on other sales.

21. Defendant's only written Chargeback Policy is a one page document, neither presented to nor signed by Lorenzo, requiring compliance with undisclosed policies of Prime's carriers and vendors, and containing an incomplete list of acts or omissions that result in charge backs against employee commissions. Defendant's Chargeback Policy is summarized by Defendant

5

in the following excerpt from its Chargeback Policy, "Because chargeback's [sic] are caused when an employee does an activity incorrectly, Prime Communications will charge back against earned commission."

22. As a result of Prime's policies and practices with respect to the calculation of gross profit, sales omissions, and arbitrary refunds and chargebacks, earned commissions were wrongfully withheld and diverted from Lorenzo.

23. Prime's policies and practices with respect to the payment of commissions were misleading and fraudulent, were a breach of its promises to employees, violated the wage provisions of the FLSA and NCWHA, and deprived Lorenzo of the lawful wages to which she was entitled.

## FACTUAL ALLEGATIONS – WILLFUL CONDUCT

24. Defendant's 2010 Employee Handbook sought to establish a "Dispute/Conflict Resolution Program" which purportedly required Prime employees to waive "all rights to bring a lawsuit against Prime Communications and to a jury trial regarding any dispute, including, but not limited to, claims for pay or benefits under the Fair Labor Standards Act, Texas Pay Day Law Act or other similar state statute, the Employee Retirement Income Security Act "(ERISA," except of any vested benefits) [sic] . . . and claims of discrimination based upon race, color, religion, sex, national origin, age, retaliation of any nature or disability under federal, state or local civil rights statue [sic]; or any other claims, whether specifically employment-related or otherwise, arising from contract, tort or statue [sic] which Employee might have arising from my employment with and separation from the Company."

25. Defendant's dispute resolution provisions are unlawful and unenforceable and demonstrate Defendant's awareness of and willful disregard for its obligations under the FLSA and NCWHA.

**FIRST CLAIM FOR RELIEF**
(Violation of the Fair Labor Standards Act)

26. Plaintiff re-alleges and incorporates the preceding and subsequent paragraphs as if fully set forth herein.

27. Defendant violated Lorenzo's rights under the FLSA by failing to pay Lorenzo overtime compensation for hours worked in excess of forty (40) hours for each workweek that Lorenzo worked between February 2010 and June 17, 2011.

28. Lorenzo was entitled to all the rights and protections of the FLSA and Defendant's failure to pay Lorenzo overtime was in violation of the FLSA.

29. Defendant acted willfully and with reckless disregard for Lorenzo's rights under the FLSA.

30. Plaintiff is entitled to back pay for all overtime hours worked during her employment with Defendant in an amount equal to one and one-half times her regular rate of pay.

31. As a result of Defendant's willful and reckless actions, Lorenzo is entitled to recover liquidated damages pursuant to 29 U.S.C. § 216(b).

32. Plaintiff is entitled to recover her attorney's fees pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
(Violation of the North Carolina Wage and Hour Act – Overtime)

33. The allegations of paragraphs 1 through 32 above are re-alleged.

7

34. Defendant violated Lorenzo's rights under the NCWHA by failing to pay Lorenzo overtime compensation for hours worked in excess of forty (40) hours for each workweek that Lorenzo worked between February 2010 and June 17, 2011.

35. Lorenzo was entitled to all the rights and protections of the NCWHA and Defendant's failure to pay Lorenzo overtime was in violation of the NCWHA.

36. Defendant acted willfully and with reckless disregard for Lorenzo's rights under the NCWHA.

37. Lorenzo is entitled to back pay for all overtime hours worked during her employment with Defendant in an amount equal to one and one-half times her regular rate of pay.

38. As a result of Defendant's willful and reckless actions, Lorenzo is entitled to recover liquidated damages pursuant to N.C. Gen. Stat. § 95-25.22.

39. Lorenzo is entitled to recover her attorney's fees pursuant to N.C. Gen. Stat. § 95-25.22(d).

### **THIRD CLAIM FOR RELIEF**
(Violation of the North Carolina Wage and Hour Act – Unpaid Commissions)

40. The allegations contained in paragraph 1 through 39 are re-alleged and incorporated herein by reference.

41. Defendant violated Lorenzo's rights under the NCWHA by failing to pay and diverting from Lorenzo earned commissions on store sales that she procured before her employment ended on June 17, 2011.

42. Lorenzo was entitled to all rights and protections of the NCWHA and Defendant violated the NCWHA by failing to pay and diverting from Lorenzo earned commissions on store sales that she procured before her employment ended on June 17, 2011.

43. Lorenzo is entitled to recovery of earned but unpaid commissions for all store sales that she procured before her employment ended on June 17, 2011.

44. Defendant acted willfully and with reckless disregard for Lorenzo's rights under the NCWHA.

45. As a result of Defendant's willful action, Lorenzo is entitled to recover liquidated damages pursuant to N.C. Gen. Stat. § 95-25.22

46. Lorenzo is entitled to recover her attorney's fees pursuant to N.C. Gen. Stat. § 95-25.22(d).

## FOURTH CLAIM FOR RELIEF
(Violation of the North Carolina Wage and Hour Act – Bonus)

47. The allegations contained in paragraphs 1 through 46 above are re-alleged.

48. In order to induce Lorenzo to accept the position as store manager of the Middle Creek Commons in Raleigh, Defendant promised to pay Lorenzo a bonus of One Thousand Five Hundred Dollars ($1,500.00).

49. After accepting the position and commencing work at the Middle Creek Commons store in Raleigh, Defendant failed and refused to pay Lorenzo the guaranteed bonus.

50. Under the NCWHA, bonuses promised by an employer are deemed to be wages as defined by N.C. Gen. Stat. § 95-25.2(16).

51. Defendant violated Lorenzo's rights under the NCWHA by failing to pay and diverting from Lorenzo the bonus promised by Defendant on or before her next regular payday after her employment ended on June 17, 2011.

52. Lorenzo was entitled to all rights and protections of the NCWHA and Defendant violated the NCWHA by failing to pay and diverting from Lorenzo the bonus promised by Defendant on or before her next regular payday after her employment ended on June 17, 2011.

53. Lorenzo is entitled to recovery of all bonuses promised by the Defendant.

54. Defendant acted willfully and with reckless disregard for Lorenzo's rights under the NCWHA.

55. As a result of Defendant's willful action, Lorenzo is entitled to recover liquidated damages pursuant to N.C. Gen. Stat. § 95-25.22.

56. Lorenzo is entitled to recover her attorney's fees pursuant to N.C. Gen. Stat. § 95-25.22(d).

### FIFTH CLAIM FOR RELIEF
(Breach of Contract)

57. The allegations contained in paragraphs 1 through 56 above are re-alleged.

58. Defendant and Plaintiff entered into an employment agreement in which the parties mutually agreed that the Plaintiff would be paid a bonus of One Thousand Five Hundred Dollars ($1,500.00) and that the Plaintiff would receive commissions upon store sales at Middle Creek Commons of wireless products, services and accessories calculated upon "gross profit."

59. Defendant failed to pay Lorenzo commissions and bonuses as promised and has breached its agreement with Lorenzo by failing to do so.

60. As a direct and proximate result of Defendant's breach of contract, Lorenzo has been damaged and is entitled to recover from the Defendant a sum in excess of $10,000.00.

## SIXTH CLAIM FOR RELIEF
(Unjust Enrichment)

61. The allegations contained in paragraphs 1 through 60 above are re-alleged.

62. The wages, commissions, and bonuses which were withheld and diverted by the Defendant were of significant value to Lorenzo.

63. Lorenzo reasonably expected Defendant to pay her the wages, commissions, and bonus promised.

64. Defendant knew or should have known that Lorenzo expected to be paid the wages, commissions, and bonuses promised by the Defendant prior to the end of her employment on June 17, 2011.

65. Defendant withheld and diverted from Lorenzo wages, commissions, and bonuses promised.

66. Defendant has been unjustly enriched at the expense of Lorenzo in a sum in excess of Ten Thousand Dollars ($10,000.00).

## JURY DEMAND

Plaintiff hereby demands a trail by jury on all issues so triable.

WHEREFORE, Lorenzo prays the Court:

1. For an award of compensatory damages against the Defendant, in an amount to be determined, for unpaid overtime for all hours worked in excess of forty (40) hours in a workweek during Lorenzo's employment with the Defendant;

2. For an award of compensatory damages against the Defendant, in an amount to be determined, for unpaid commissions on store sales at Middle Creek Commons of wireless products, services and accessories calculated upon "gross profit;"

3. For an award of compensatory damages against the Defendant, in an amount to be determined, for unpaid bonuses;

4. For an award of Liquidated damages against the Defendant;

5. For an award of compensatory damages in a sum in excess of Ten Thousand Dollars ($10,000) for breach of contract;

6. For an award of compensatory damages in a sum in excess of Ten Thousand Dollars ($10,000.00) because the Defendant has been unjustly enriched at the expense of Lorenzo;

7. For pre-judgment and post-judgment interest;

8. For reasonable attorney fees pursuant to N.C. Gen. Stat. § 95-25.22(d) and 29 U.S.C. § 216(b);

9. For the costs of this action;

10. For trial by Jury;

11. For all other just and proper relief.

**Dated**: February 17, 2012.                Respectfully submitted,

**ROSE LORENZO,**

By Her Undersigned Attorneys

/s/ Stephen A. Dunn
Stephen A. Dunn
State Bar No. 12389
sdunn@emanuelanddunn.com
EMANUEL & DUNN, PLLC
Post Office Box 426
Raleigh, North Carolina 27602
(919) 832-0329 (PHONE)
(919) 832-0731 (FAX)


/s/ Raymond E. Dunn, Jr.
Raymond E. Dunn, Jr.
State Bar No. 8739
rdunn@emanuelanddunn.com
EMANUEL & DUNN, PLLC
Post Office Drawer 1389
New Bern, North Carolina 28563
(252) 633-3800 (PHONE)
(919) 833-6669 (FAX)


/s/ Charles J. Cushman
Charles J. Cushman
State Bar No. 36170
ccushman@emanuelanddunn.com
EMANUEL & DUNN, PLLC
Post Office Drawer 1389
New Bern, North Carolina 28563
(252) 633-3800 (PHONE)
(919) 833-6669 (FAX)

13