IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROSE LORENZO, and all others<br>similarly situated, | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No. 5:12-CV-00069-H |
| v. | ) | |
| | ) | |
| PRIME COMMUNICATIONS, L.P., a<br>Texas General Partnership, | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Rose Lorenzo ("Lorenzo" or "Plaintiff"), pursuant to Rule 15(a)(1)(B) of the

Federal Rules of Civil Procedure, within 21 days after service of a responsive pleading, amends her

complaint to bring this action on her own behalf and on behalf of all others similarly situated, to

recover unpaid wages, overtime, commissions, compensatory damages, liquidated damages and

attorneys fees from her former employer Prime Communications, L.P. ("Prime" or "Company" or

"Defendant"), for violations of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201

et seq., and the North Carolina Wage and Hour Act (hereinafter "NCWHA"), N.C.G.S. § 95-25.1 et

seq. Prime is one of the nation's largest specialty-based retailers of wireless communication

products, services and accessories, operating over 230 stores and kiosks in regional malls and

shopping centers throughout North Carolina, South Carolina, Georgia, Texas, Indiana, New York,

Ohio, Pennsylvania and California, employing more than 900 people in 12 states. At all times

alleged in this Complaint, Plaintiff was the victim of a uniform policy and practice to deprive her of

lawful wages in willful violation of the FLSA and NCWHA.

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1337 (commerce), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1367 (supplemental jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

2.      Venue is proper in this Court under 28 U.S.C. § 1391. The causes of action asserted herein occurred and/or accrued in Wake County, North Carolina. Venue is also appropriate in this Court because Defendant owns and/or operates one or more retail stores in Wake County, North Carolina. In addition, Defendant's unlawful conduct occurred in, among other places, North Carolina.

**PARTIES**

3.      Plaintiff is a natural person residing in Wake County, North Carolina and, at all relevant times asserted in this Complaint, was an employee of Defendant in its retail store located at and known as Middle Creek Commons, in Raleigh, North Carolina.

4.      Defendant is an enterprise, as defined in 29 U.S.C. § 203(r)(1) and N.C.G.S. § 95-25.2(18), engaged in business in the State of North Carolina, operating retail stores and kiosks for the sale of wireless communication products, services and accessories throughout North Carolina.

**FACTUAL ALLEGATIONS – OVERTIME WAGES**

5.      Prior to February 2010, Defendant employed Lorenzo as a solutions specialist in its Fuquay-Varina, North Carolina retail store. As a solutions specialist, Lorenzo was paid an hourly wage. Defendant recorded Lorenzo's hours at work, regular and overtime, using a Punch Clock. Lorenzo was paid, regular and overtime pay, on a bi-weekly basis.

2

6.    In January 2010, Defendant asked Lorenzo to relocate to its Middle Creek Commons store in Raleigh as a store manager.  In order to incentivize Lorenzo to move immediately to the Middle Creek Commons store, Defendant offered Lorenzo bonus wages of One Thousand Five Hundred Dollars ($1,500.00).  Lorenzo accepted the Defendant's offer and moved immediately to the Middle Creek Commons store and began work as the store manager on January 30, 2010.

7.    Lorenzo's first pay date as an alleged store manager was February 19, 2010.  When she received her first earnings statement (sometime after February 19, 2010), she noticed that the Defendant failed to pay her the promised bonus wages and failed to pay her overtime for the hours that she worked over Forty (40) hours during the first pay period as store manager.

8.    As an alleged store manager, Lorenzo and all others similarly situated received a salary, but the Defendant continued to record Lorenzo's hours at work, regular and overtime, using a Punch Clock.  Lorenzo continued to be paid on a bi-weekly basis, but received no compensation for overtime hours worked through and including her last day of work on June 17, 2011.

9.    Defendant required Lorenzo, as store manager, to keep the Middle Creek Commons store open 9 hours per day, seven days a week, and to participate in telephone conferences at least twice a week outside of store hours. Lorenzo did not perform managerial or administrative duties. Lorenzo did not have authority to hire employees. Most of the time at the Middle Creek Commons store, Lorenzo was the only employee of the Defendant.  On occasions, Defendant authorized one other employee of their selection at Middle Creek Commons. Ninety-five (95%) percent of Lorenzo's time at Middle Creek Commons involved the same customer sales activities she performed as a "solutions specialist."

3

10.     On information and belief, Defendant employed other "store managers" who were similarly situated to Plaintiff in that they primarily performed non-managerial and non-administrative duties.

11.     As a store manager, Lorenzo and all others similarly situated regularly worked hours in excess of forty hours per week.

12.     Defendant classified Lorenzo and all others similarly situated as "Salary, exempt" employees which Defendant defined in its 2010 Employee Handbook as those employees ". . . who work on salary and who are not paid based on hours worked." According to Defendant, only employees who are paid on an hourly basis are entitled to be paid "time and one-half for hours worked in excess of 40 hours in one (1) week."

13.     Thus, Defendant pays its "store manager" employees based on their title ("store manager") and method of compensation ("salary, exempt") rather than based on their substantive job functions.

14.     Lorenzo and all others similarly situated were not exempt from overtime pay under FLSA because they were not employed in a bona fide executive, administrative or professional capacity. Instead, Lorenzo was employed as an "inside" sales person who earned less than $40,000 per year and who did not earn more than one-half of her total compensation from commissions.

15.     Defendant's classifications and its policy and practice with respect to the payment of overtime wages to Lorenzo and all others similarly situated violated the FLSA and NCWHA, and deprived Lorenzo and all others similarly situated of the lawful wages to which they were entitled.

4

## FACTUAL ALLEGATIONS – COMMISSION WAGES

16.     Defendant promised to pay Lorenzo and others similarly situated, as a solutions specialists, commissions upon sales of wireless products, services and accessories calculated on "gross profit with factored discounts and features, net of costs, chargeback's [sic], and deductions."

17.     Defendant promised to pay Lorenzo and others similarly situated, as a store managers, commissions upon store sales of wireless products, services and accessories calculated upon "gross profit" which is "net of costs and chargeback's [sic] with factored discounts and features."

18.     Contrary to its promises, Defendant did not pay Lorenzo or others similarly situated commissions based upon gross profit, but only upon a portion of Defendant's gross profit allocable to the customer payment at the point of sale, which is only a fraction of the gross profit the company actually received for its store sales.

19.     Defendant omitted certain sales from its calculation of gross profit, without providing documentation or an explanation to Lorenzo or others similarly situated.

20.     Defendant refunded certain of Lorenzo's sales, and the sales of others similarly situated, further reducing gross profit, without providing documentation or an explanation to Lorenzo or others similarly situated.

21.     Defendant charged back against Lorenzo's sales, and against sales of others similarly situated, sums attributable to:

i)      cancellations and returns of wireless products, services and accessories that were unrelated to their sales;

ii)     cancellations and returns of wireless products, services and accessories from store sales under former store managers;

iii)    cancellations or returns of wireless products, services or accessories that had not, in fact, been cancelled or returned;

iv)    inventory shortages, without disclosure of any loss or verification of any actual loss;

v)     returns, which were in fact exchanges, without credit for its replacement; and

vi)    sales of prepaid services such as Gophones.

22.    Defendant's chargebacks on some of Lorenzo's sales, and on sales of others similarly situated, exceeded the gross profit attributable to the sale, resulting in a reduction of gross profit on other sales.

23.    Defendant's written Chargeback Policy is a one page document the purports to require compliance with undisclosed policies of Prime's carriers and vendors, and contains an incomplete list of acts or omissions that result in charge backs against employee commissions. Defendant's Chargeback Policy is summarized by Defendant in the following excerpt from its Chargeback Policy, "Because chargeback's [sic] are caused when an employee does an activity incorrectly, Prime Communications will charge back against earned commission."

24.    As a result of Prime's policies and practices with respect to the calculation of gross profit, sales omissions, and arbitrary refunds and chargebacks, earned commissions were wrongfully withheld and diverted from Lorenzo and others similarly situated.

25.    Prime's policies and practices with respect to the payment of commissions were misleading and fraudulent, were a breach of its promises to employees, violated the wage provisions

6

of the FLSA and NCWHA, and deprived Lorenzo and others similarly situated of the lawful wages to which they were entitled.

## FACTUAL ALLEGATIONS – WILLFUL CONDUCT

26.     Defendant has failed to classify Plaintiff and similarly situated employees for the purposes of their entitlement to overtime compensation under the FLSA based on their actual job functions.  Rather, Defendant has arbitrarily assigned titles and has paid these employees salaried compensation for the purpose of avoiding its obligations to properly classify, and pay, its employees overtime compensation.

27.     Moreover, in an additional attempt to avoid its legal obligations with regard to the proper payment of compensation and overtime compensation, Defendant's 2010 Employee Handbook sought to establish a "Dispute/Conflict Resolution Program" which purportedly required Prime employees to waive "all rights to bring a lawsuit against Prime Communications and to a jury trial regarding any dispute, including, but not limited to, claims for pay or benefits under the Fair Labor Standards Act, Texas Pay Day Law Act or other similar state statute, the Employee Retirement Income Security Act "(ERISA," except of any vested benefits) [sic] . . . and claims of discrimination based upon race, color, religion, sex, national origin, age, retaliation of any nature or disability under federal, state or local civil rights statue [sic]; or any other claims, whether specifically employment-related or otherwise, arising from contract, tort or statue [sic] which Employee might have arising from my employment with and separation from the Company."

28.     As applied to overtime and compensation policies and practices applicable to groups of employees in similar payroll status, Defendant's dispute resolution provisions are unlawful and

7

unenforceable and demonstrate Defendant's awareness of and willful disregard for its obligations under the FLSA and NCWHA.

## COLLECTIVE CLAIMS UNDER FLSA

29.     Plaintiff brings this on her own behalf and as collective action on behalf of others similarly situated to recover unpaid compensation, in the form of overtime compensation, pursuant to FLSA. For at least three years prior to filing this complaint, Defendant has had a uniform policy and practice of requiring its store managers to work in excess of 40 hours per week for a salary without overtime compensation. Plaintiff and others similarly situated are or were employed with the Defendant in positions denominated "store manager" but their managerial duties were minimal as compared to other job duties regularly performed. Store managers, including Plaintiff, perform managerial duties less than five (5%) percent of their work week and the remainder of their time is devoted to non-managerial functions, namely on-site sales.

30.     On information and belief Defendant manages the classification of employees for FLSA purposes, including store managers, in a centralized and uniform fashion, from its Sugarland, Texas home office for all states in which Defendant operates.

31.     On further information and belief, Defendant's payroll function is operated in a centralized and uniform manner from its Sugarland, Texas home office and Plaintiff's paychecks were regularly issued from this centralized payroll operation.  On information and belief, paychecks for all similarly situated employees were issued from the same, centralized payroll department in Defendant's Sugarland, Texas home office for all states in which Defendant operates.

32.     Plaintiff and others similarly situated were paid a specified salary and were not paid any overtime compensation notwithstanding they worked in excess of 40 hours per week and the

8

vast majority of those hours were spent performing non-managerial duties. Plaintiff and others similarly situated who elect to participate in this action seek unpaid overtime wage compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

33. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

34. Defendant is an employer as defined by § 203(d) of the FLSA.

35. At all times material to this action, the Plaintiff and others similarly situated are and/or were employees of Defendant as defined by § 203(e)(1) of the FLSA, and worked for Defendant within three years preceding the filing of this action.

36. The provisions set forth in §§ 206 and 207, respectively, of the FLSA apply to Defendant, and all members of the Plaintiff class herein were covered by §§ 206 and 207 of the FLSA while they were employed by Defendant.

37. At all times relevant to this action, Defendant employed Plaintiff and others similarly situated in the capacity of store managers.

38. The Plaintiff and others similarly situated were required to perform non-exempt work without overtime compensation.

39. Defendant has knowingly and intentionally failed and/or refused to pay the Plaintiff and others similarly situated overtime compensation as required by the provisions of the FLSA.

40. For at least three years, the Defendant has been aware of the requirements of the FLSA and its corresponding regulations, notwithstanding it willfully refused and failed to pay its store managers overtime wages as required by FLSA.

41.     Defendant has failed, and on information and belief, continues to fail, to maintain accurate time records for Plaintiffs and other similarly situated employees as required by the FLSA.

42.     Defendant willfully violated the FLSA by failing to keep accurate time records of all hours worked by Plaintiff and other similarly situated employees.

43.     The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

44.     Plaintiff, and other similarly situated present and former employees, are entitled to statutory damages equal to the mandated overtime premium pay within the three (3) (or more) years preceding the filing of this Complaint.

45.     Defendant has shown a reckless disregard for the FLSA's overtime requirements. Although Defendant had an obligation to make proper inquiry into their FLSA compliance obligations, it failed to do so or, having inquired, they ignored or willfully attempted to avoid their legal obligations.

46.     Moreover, Defendant instructed its store managers that they had complied with the FLSA and paid all overtime required under federal law. As such, Plaintiffs and similarly situated employees were misled into believing that Defendant was in full compliance with the FLSA laws concerning payment of overtime compensation to deputies.

47.     Defendant has not acted in good faith with respect to the failure to pay overtime compensation. Defendant had no legitimate reason to believe their actions and omissions were *not* a violation of the FLSA, thus entitling Plaintiff, and those similarly situated, to recover an award of

liquidated damages in an amount equal to the amount of unpaid overtime compensation described above.

48.     There are numerous employees and former employees of Defendant who are similarly situated to Plaintiff who have been denied overtime compensation in violation of the FLSA, who would benefit from the issuance of Court-Supervised Notice and opportunity to join the present lawsuit. Those similarly situated employees and former employees are best known to Defendant, they are readily identifiable from Defendant's records, and their overtime hours have been recorded and maintained. Accordingly, all store managers and former store managers who are or have been employed with Defendant for the last three years, who have worked overtime hours and who have not been compensated overtime wages, should be given Court-Supervised Notice of this lawsuit and opportunity to join herein.

49.     Plaintiff consents to become a party plaintiff in this representative FLSA action pursuant to 29 U.S.C. § 216(b), as evidenced by Plaintiff's "Consent to Become Party to Collective Action Under 29 U.S.C. § 216," filed herewith.

## RULE 23(b)(3) CLAIMS UNDER NCWHA

50.     Plaintiff further brings this action on her own behalf and as a Class Action pursuant to Rules 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following proposed class:

>       All employees of Prime Communications LP employed in North Carolina who were promised or paid commission compensation based upon sales of wireless products, services and accessories from any store owned or operated by Prime Communications LP (the "Class").

Upon completion of discovery with respect to the scope of the Class, Plaintiff reserves the right to amend the Class definition. Excluded from the Class are Defendant, its parents, subsidiaries and affiliates, their directors and officers, and members of their immediate families.

11

51.  <u>Numerosity</u>:  The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable.  While the exact number and identities of members of the Class are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes and therefore avers that there are hundreds of Class members throughout the United States.

52.  <u>Commonality</u>:  There are questions of fact and law common to members of the Class that predominate over any questions affecting any individual members including, *inter alia*, the following:

    a.  Whether Prime has a uniform policy and practice of misleading its employees with respect to the payment of sales commissions;

    b.  Whether Prime has a uniform policy and practice of misrepresenting its gross profit for purposes of calculating commissions;

    c.  Whether Prime has a uniform policy and practice of manipulating its gross profit to withhold and divert sales commissions earned by its employees;

    d.  Whether Prime has a uniform policy and practice of using chargebacks to withhold or divert commissions earned by its employees;

    e.  Whether Prime has a uniform policy and practice of using chargebacks to reduce commissions earned by its employees without disclosure of the grounds therefore;

    f.  Whether Prime has a uniform policy and practice of depriving its employees of earned commissions;

    g.  Whether Prime fails to pay wages accruing its employees in accordance with the NCWHA;

    h.  Whether Prime's polices and practices are willful;

    i.  Whether Plaintiff and the Class are entitled to a declaratory judgment that Prime's conduct violated and/or continues to violate North Carolina law;

j.   Whether Plaintiff and the Class are entitled to unpaid wages, interest, liquidated damages, attorneys fees and costs and if so, in what amounts; and

k.   Whether Plaintiff and the Class are entitled to equitable relief, including injunctive relief to prohibit future policies and practices depriving Plaintiff and others similarly situated.

53.   Typicality:  Plaintiff's claims are typical of the claims of the other members of the Class in that Plaintiff alleges a uniform policy and practice by Defendant towards members of the Class. Plaintiff, like other members of the Class, has been deprived wages under the NCWHA. Plaintiff and the other members of the Class seek identical remedies under identical legal theories, and there is no antagonism or material factual variation between Plaintiff's claims and those of the Class.

54.   Adequacy:  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's claims are coextensive with, and not antagonistic to, the claims of the other members of the Class.  Plaintiff is willing and able to vigorously prosecute this action on behalf of the Class, and Plaintiff has retained competent counsel experienced in litigation of this nature.

55.   Plaintiff brings this action under Rule 23(b)(3) because common questions of law and fact predominate over questions of law and fact affecting individual members of the Class. The predominant issues in this action are whether Defendant is violating and has violated the NCWHA by its failure to pay wages. In addition, the expense of litigating each Class member's claim individually would be so cost prohibitive as to deny Class members a viable remedy. Certification under Rule 23(b)(3) is appropriate because a class action is superior to the other available methods for the fair and efficient adjudication of this action, and Plaintiff envisions no unusual difficulty in the management of this action as a class action.

13

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act
(Collective Action)

56.     Plaintiff re-alleges and incorporates the preceding and subsequent paragraphs as if fully set forth herein.

57.     Defendant violated Lorenzo's rights under the FLSA by failing to pay Lorenzo overtime compensation for hours worked in excess of forty (40) hours for each workweek that Lorenzo worked between February 2010 and June 17, 2011.

58.     Lorenzo and all others similarly situated were entitled to all the rights and protections of the FLSA and Defendant's failure to pay Lorenzo overtime was in violation of the FLSA.

59.     Defendant acted willfully and with reckless disregard for Lorenzo's rights under the FLSA.

60.     Lorenzo and all others similarly situated are entitled to back pay for all overtime hours worked during their employment with Defendant in an amount equal to one and one-half times her regular rate of pay.

61.     As a result of Defendant's willful and reckless actions, Lorenzo and all others similarly situated are entitled to recover liquidated damages pursuant to 29 U.S.C. § 216(b).

62.     Lorenzo and all others similarly situated are entitled to recover attorney's fees pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### Violation of the North Carolina Wage and Hour Act – Overtime
(Rule 23(b)(3) Class Action)

63.     Plaintiff re-alleges and incorporates the preceding and subsequent paragraphs as if fully set forth herein.

14

64.     Defendant violated Lorenzo's rights under the NCWHA by failing to pay Lorenzo overtime compensation for hours worked in excess of forty (40) hours for each workweek that Lorenzo worked between February 2010 and June 17, 2011.

65.     Lorenzo and all others similarly situated were entitled to all the rights and protections of the NCWHA and Defendant's failure to pay Lorenzo overtime was in violation of the NCWHA.

66.     Defendant acted willfully and with reckless disregard for Lorenzo's rights under the NCWHA.

67.     Lorenzo and all others similarly situated are entitled to back pay for all overtime hours worked during their employment with Defendant in an amount equal to one and one-half times her regular rate of pay.

68.     As a result of Defendant's willful and reckless actions, Lorenzo and all others similarly situated are entitled to recover liquidated damages pursuant to N.C. Gen. Stat. § 95-25.22.

69.     Lorenzo and all others similarly situated are entitled to recover attorney's fees pursuant to N.C. Gen. Stat. § 95-25.22(d).

### THIRD CLAIM FOR RELIEF
### Violation of the North Carolina Wage and Hour Act – Unpaid Commissions
(Rule 23(b)(3) Class Action)

70.     Plaintiff re-alleges and incorporates the preceding and subsequent paragraphs as if fully set forth herein.

71.     Defendant violated Lorenzo's rights under the NCWHA by failing to pay and diverting from Lorenzo earned commissions on store sales that she procured before her employment ended on June 17, 2011.

15

72.     Lorenzo and all others similarly situated were entitled to all rights and protections of the NCWHA and Defendant violated the NCWHA by failing to pay and diverting from Lorenzo and all others similarly situated earned commissions on store sales that were procured during employment.

73.     Lorenzo and all others similarly situated are entitled to recovery of earned but unpaid commissions for all store sales that were procured during employment.

74.     Defendant acted willfully and with reckless disregard for Lorenzo's rights under the NCWHA.

75.     As a result of Defendant's willful action, Lorenzo and all others similarly situated are entitled to recover liquidated damages pursuant to N.C. Gen. Stat. § 95-25.22

76.     Lorenzo and all others similarly situated are entitled to recover attorney's fees pursuant to N.C. Gen. Stat. § 95-25.22(d).

## FOURTH CLAIM FOR RELIEF
### Violation of the North Carolina Wage and Hour Act – Bonus
(Plaintiff Lorenzo Individually)

76.     Plaintiff re-alleges and incorporates the preceding and subsequent paragraphs as if fully set forth herein.

77.     In order to induce Lorenzo to accept the position as store manager of the Middle Creek Commons in Raleigh, Defendant promised to pay Lorenzo a bonus of One Thousand Five Hundred Dollars ($1,500.00).

78.     After accepting the position and commencing work at the Middle Creek Commons store in Raleigh, Defendant failed and refused to pay Lorenzo the guaranteed bonus.

16

79.     Under the NCWHA, bonuses promised by an employer are deemed to be wages as defined by N.C. Gen. Stat. § 95-25.2(16).

80.     Defendant violated Lorenzo's rights under the NCWHA by failing to pay and diverting from Lorenzo the bonus promised by Defendant on or before her next regular payday after her employment ended on June 17, 2011.

81.     Lorenzo was entitled to all rights and protections of the NCWHA and Defendant violated the NCWHA by failing to pay and diverting from Lorenzo the bonus promised by Defendant on or before her next regular payday after her employment ended on June 17, 2011.

82.     Lorenzo is entitled to recovery of all bonuses promised by the Defendant.

83.     Defendant acted willfully and with reckless disregard for Lorenzo's rights under the NCWHA.

84.     As a result of Defendant's willful action, Lorenzo is entitled to recover liquidated damages pursuant to N.C. Gen. Stat. § 95-25.22.

85.     Lorenzo is entitled to recover her attorney's fees pursuant to N.C. Gen. Stat. § 95-25.22(d).

## FIFTH CLAIM FOR RELIEF
### Breach of Contract
(Plaintiff Lorenzo Individually)

86.     Plaintiff re-alleges and incorporates the preceding and subsequent paragraphs as if fully set forth herein.

87.     Defendant and Plaintiff entered into an employment agreement in which the parties mutually agreed that the Plaintiff would be paid a bonus of One Thousand Five Hundred Dollars

17

($1,500.00) and that the Plaintiff would receive commissions upon store sales at Middle Creek Commons of wireless products, services and accessories calculated upon "gross profit."

88.     Defendant failed to pay Lorenzo commissions and bonuses as promised and has breached its agreement with Lorenzo by failing to do so.

89.     As a direct and proximate result of Defendant's breach of contract, Lorenzo has been damaged and is entitled to recover from the Defendant a sum in excess of $10,000.00.

**SIXTH CLAIM FOR RELIEF**
**Unjust Enrichment**
(Plaintiff Lorenzo Individually)

90.     Plaintiff re-alleges and incorporates the preceding and subsequent paragraphs as if fully set forth herein.

91.     The wages, commissions, and bonuses which were withheld and diverted by the Defendant were of significant value to Lorenzo.

92.     Lorenzo reasonably expected Defendant to pay her the wages, commissions, and bonus promised.

93.     Defendant knew or should have known that Lorenzo expected to be paid the wages, commissions, and bonuses promised by the Defendant prior to the end of her employment on June 17, 2011.

94.     Defendant withheld and diverted from Lorenzo wages, commissions, and bonuses promised.

95.     Defendant has been unjustly enriched at the expense of Lorenzo in a sum in excess of Ten Thousand Dollars ($10,000.00).

## JURY DEMAND

Plaintiff hereby demands a trail by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated employees and former employees of Defendant, prays for the following relief:

A.  At the earliest possible time, she be allowed to give notice, or that the Court issue such Notice, to all Defendant's employees and former employees during the three years immediately preceding the filing of this suit, to all other potential Plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid overtime wages therefore, pursuant to 29 U.S.C. § 216(b);

B.  Designate this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216(b);

C.  Enter judgment declaring that the acts and practices complained of herein are violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.;

D.  Enter judgment that the Plaintiff, and all others similarly situated, be awarded damages in the amount of their respective unpaid overtime wage compensation, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

E.  Enter judgment that Defendant's violations of the FLSA were willful;

F.  For an order certifying the Class under the appropriate provisions of Rule 23, naming Plaintiff as the representative of the Class and its attorneys as Class counsel;

G.  Declaring that Defendant's conduct violates NCWHA;

H.  Enter judgment that the Plaintiff, and all others similarly situated, be awarded damages in the amount of their respective unpaid commission wage compensation, plus an equal amount of liquidated damages pursuant to N.C.G.S. § 95-25.22, and prejudgment interest;

I.  Enter judgment awarding Plaintiff Lorenzo compensatory damages against the Defendant, in an amount to be determined, for unpaid bonuses, breach of contract, and unjust enrichment;

J.  Enter judgment awarding Plaintiff, and those similarly situated, reasonable attorney's fees and costs of this suit, pursuant to N.C. Gen. Stat. § 95-25.22(d) and 29 U.S.C. § 216(b);

K.  Enter judgment for post-judgment interest at the applicable legal rate;

L.  Grant leave to amend to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; to add claims under applicable state and federal laws, including claims for minimum wages pursuant to 29 U.S.C. § 206; and/or to add other Defendants who meet the definition of Plaintiffs' employer, pursuant to 29 U.S.C. § 203(d);

M.  Enjoin Defendant from future violations of the FLSA through the mandated payment of overtime compensation to similarly situated employees for hours worked in excess of forty (40) per week;

N.  Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

O.  Such further relief as this Court deems just and appropriate.

**Dated**: May 4, 2012.                    Respectfully submitted,

**ROSE LORENZO,**
By Her Undersigned Attorneys

/s/ Stephen A. Dunn
Stephen A. Dunn (NC State Bar No.12389)
sdunn@emanuelanddunn.com

/s/ Raymond E. Dunn, Jr.
Raymond E. Dunn, Jr. (NC State Bar No. 8739)
rdunn@emanuelanddunn.com

/s/ Charles J. Cushman
Charles J. Cushman (NC State Bar No. 36170)
ccushman@emanuelanddunn.com
EMANUEL & DUNN, PLLC
Post Office Box 426
Raleigh, North Carolina 27602
(919) 832-0329 (PHONE)
(919) 832-0731 (FAX)

20

/s/ Harris D. Butler, III
Harris D. Butler, III (VSB No. 26483)
harris.butler@butlerroyals.com

/s/ Zev H. Antell
Zev H. Antell (VSB No. 74634)
zev.antell@butlerroyals.com
BUTLER ROYALS, PLC
100 Shockoe Slip, 4th Floor
Richmond, Virginia 23219
T: (804) 648-4848
F: (804) 648-6814

*PRO HAC VICE TO BE FILED*