IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-69-H

ROSE LORENZO, on behalf of herself and all others similarly situated,

Plaintiff,

v.

PRIME COMMUNICATIONS, L.P., a Texas General Partnership,

Defendant.

**ORDER**

This matter is before the court on plaintiff's motion for an order (1) conditionally certifying her Fair Labor Standards Act claim as a collective action pursuant to 29 U.S.C. § 216(b); (2) requiring defendant to provide plaintiff with contact information for all potential class members; and (3) approving plaintiff's proposed notice and opt-in form and authorizing their distribution to the potential opt-in plaintiffs. Defendant has filed a response in opposition, plaintiff has replied, and this matter is ripe for ruling.

**STATEMENT OF THE FACTS**

Defendant Prime Communications, L.P. ("Prime") operates approximately 300 AT&T wireless service retail locations in

twelve states from which it sells wireless and cellular communications hardware, as well as wireless service and data plans. From February 10, 2010 until June 17, 2011, plaintiff was employed as Store Manager of one of Prime's retail locations in the Raleigh, North Carolina area. At the time of plaintiff's employment, Prime classified its store managers as exempt from the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"). Consequently, Prime paid its store managers a set salary regardless of the number of hours worked, plus commissions or bonuses based on the store's performance. In July 2012, Prime reclassified its store managers as non-exempt and began paying them overtime for any hours worked in excess of forty hours per week.

Plaintiff asserts that she and Prime's other store managers were incorrectly classified as exempt. She brings this action "to recover unpaid compensation, in the form of overtime" pay (Am. Compl. [DE #15] ¶ 29) as well as liquidated damages, attorney's fees and costs (Am. Compl. ¶ 32). Although plaintiff's complaint also includes claims based on state law, plaintiff seeks certification solely in relation to her FLSA claim.[1]

[1] Plaintiff asserts claims under the North Carolina Wage and Hour Act and for breach of contract and unjust enrichment under North Carolina law. The court does not address these claims as they are not the subject of the motion presently before the

**COURT'S DISCUSSION**

The FLSA permits employees to maintain an action for unpaid overtime wages against an employer on behalf of themselves and all others similarly situated. 29 U.S.C. § 216(b). An employee who desires to participate in a FLSA collective action must "give[] his consent in writing to become such a party." Id. In order to obtain certification of a FLSA collective action, the members of the proposed class must be "similarly situated." Id.; De Luna-Guerrero v. N.C. Growers Ass'n, 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004). Additionally, class members must "opt in" by filing their consent to suit. Id.[2]

Class members are "similarly situated" for purposes of § 216(b) if they "raise a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions." Ellen C. Kearns, The Fair Labor Standards Act § 18.IV.D.3, at 1167 (1999). "[T]heir situations need not be identical. Differences as to time actually worked, wages actually due, and hours involved are . . . not significant to this determination." Id.

court.

[2] This procedure is different from the procedure utilized for class actions under Rule 23 where potential plaintiffs are bound by the judgment unless they opt out.

Certification of a FLSA collective action is typically a two-stage process. First, the court makes a preliminary determination whether to conditionally certify the class based upon the limited record before the court. The standard for conditional certification is fairly lenient and requires "'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.'" Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001) (quoting Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 678 (D. Colo. 1997)). If the class is conditionally certified, the court typically authorizes plaintiff's counsel to provide putative class members with notice of the lawsuit and their right to opt in.

The second stage of class certification comes later, usually after discovery is complete, and is based upon a more developed factual record. Jimenez-Orozco v. Baker Roofing Co., No. 5:05-CV-34-FL, 2007 WL 4568972, at *6 (E.D.N.C. Dec. 21, 2007). At this stage, the court conducts a detailed review of the claims and defenses in determining whether the suit should proceed as a collective action.

Plaintiff requests that the court conditionally certify the following class:

> [A]ll current and former Prime store [m]anagers employed from May 4, 2009 to date, who have worked more than forty (40) hours in a workweek for Prime,

> or its predecessor entities, without compensation for their overtime hours worked, and/or who were not paid the minimum wage during the statute of limitations period applicable to each of them.

Defendant opposes plaintiff's motion. Defendant maintains that its store managers were properly classified as exempt employees based on their job duties. According to defendant, all store managers "had the responsibility of running the store, preparing a schedule for all employees, being the first line of hiring for Prime, insuring that deposits were made daily, performing monthly inventory, marketing for their store, and supervising the solution specialists working at their store." (Mem. Opp. Pf.'s Mot. Facilitated Notice [DE #31] at 3 & Ex. 3 (Job Description).) Defendant appears to concede for purposes of this motion that plaintiff may not have been performing managerial duties included in her job description, but contends that plaintiff's situation "was not the norm within the Prime community." (Mem. Opp. Pf.'s Mot. Facilitated Notice [DE #31] at 3.)

In support of her request for conditional certification of the FLSA claim, plaintiff has presented two affidavits. In the first affidavit, plaintiff avers:

> During my time as a store manager at Prime, my primary duties were not materially different than those of a salesperson. My key responsibility was to sell mobile devices and AT&T mobile plans to new and existing AT&T/Prime customers. Sales occupied the overwhelming majority of my time. However, some time

> was spent on other ancillary tasks such as making bank deposits (something sales people did as well) and proposing a work schedule, when I had employees, for approval by the Regional Manager. I had no authority to independently set work schedules. I scanned inventory when it was received in the store, but had no authority or responsibility for determining the type or quantity of inventory as it was predetermined by corporate level management.
>
> . . .
>
> As a Store Manager, I did not file sales tax receipts, payroll taxes or unemployment, or create employee reports. I did not handle financial matters other than sales, and I was not responsible for budgeting, audits, insurance, marketing or marketing research. I was not involved with safety or health issues, or with governmental relations. I did not perform and was not responsible for database administration, computer networking, nor did I handle any legal or regulatory tasks.
>
> During a typical day in the store, I would go into store, clock in, open safe and balance cash drawer . . . . After opening, the remainder of my day was devoted to sales. At the end of the day, I balanced the cash drawer, returned it to the safe, locked the store and left. On days I did not work, these duties would be performed by the sales associate on duty. To the best of my understanding, other Prime retail locations operated in a similar manner.

(Aff. Rose Lorenzo [DE #29-2] ¶¶ 13-16.) The other affidavit upon which plaintiff relies is from Guy A. Rodriguez. Rodriguez was previously employed as Store Manager of another Prime location in the Raleigh, North Carolina area. His affidavit is virtually identical to plaintiff's. (Aff. Guy A. Rodriguez [DE # 32-1].) Although plaintiff estimates that Prime currently employs 300 store managers, plaintiff has not submitted any

additional affidavits from current or previously employed store managers.

The court is satisfied that until July 2012, defendant Prime had a uniform policy classifying its store managers as exempt from FLSA's minimum wage and overtime provisions. However, the court is not satisfied that plaintiff has shown that she and the other store managers are "together the victims of a single decision, policy or plan." See Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001). The only evidence plaintiff has presented to support such a finding are her affidavit and the affidavit of one other individual formerly employed as a store manager in the same regional area (Raleigh, North Carolina area). While she and Rodriguez both aver that they did not perform managerial duties, they appear to have no personal knowledge as to the circumstances of other managers employed by Prime, either within or outside of the Raleigh area. The affiants simply declare that "other Prime locations operated in similar manner" *"[t]o the best of my understanding."* (Lorenzo Aff. ¶ 16 (emphasis added); Rodriguez Aff. ¶ 13 (emphasis added).) Contrary to plaintiff's evidence, defendant has produced evidence suggesting that its store managers were responsible for a number of managerial tasks but plaintiff was not performing those tasks. Even applying the "fairly lenient" standard applicable to conditional class

certification, the court is unable to conclude, based on the evidence presently before it, that plaintiff's job requirements were substantially similar to the requirements of the hundreds of other store managers employed by Prime.

**CONCLUSION**

For the foregoing reasons, the court DENIES without prejudice plaintiff's motion for conditional certification of her FLSA claim. The court hereby amends its prior scheduling orders to grant plaintiff an additional forty-five (45) days to conduct additional discovery related to 29 U.S.C. § 216(b) conditional certification. Plaintiff shall have until June 14, 2013, to renew her motion for conditional certification pursuant to 29 U.S.C. § 216(b).

This 3rd day of April 2013.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31