IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-69-H

| | |
|---|---|
| ROSE LORENZO, on behalf of herself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **MEMORANDUM &**<br>) **RECOMMENDATION**<br>) |
| PRIME COMMUNICATIONS, L.P., a Texas General Partnership, | )<br>)<br>) |
| Defendant. | ) |

This matter is before the court on Defendant's motion to compel arbitration, which was referred to the undersigned by Senior United States District Judge Malcolm J. Howard. Plaintiff has filed a response in opposition, Defendant has replied, and this matter is ripe for ruling.

## BACKGROUND

Rose Lorenzo ("Lorenzo") was formerly employed with Defendant Prime Communications, L.P. ("Prime"), first, as a Solutions Specialist selling wireless communications products, services and accessories and, later, as a Sales Manager of one of Prime's retail stores. Lorenzo brought this action on behalf of herself and other similarly situated individuals seeking recovery of unpaid wages and overtime pay, as well as liquidated damages, attorneys' fees and costs.

Lorenzo filed a motion for conditional certification of her Fair Labor Standards Act claim as a collective action pursuant to 29 U.S.C. § 216(b). On April

3, 2013, the court determined that the evidence before it was insufficient to support a finding that Lorenzo's job requirements were substantially similar to the requirements of the hundreds of other store managers employed by Prime. Consequently, the court denied without prejudice the motion for conditional certification of a collective action and amended its prior scheduling orders to give Lorenzo an additional forty-five (45) days to conduct additional discovery related to 29 U.S.C. § 216(b) conditional certification. On June 14, 2013, Lorenzo renewed her motion for conditional certification of a collective action and filed a separate motion for class certification of her North Carolina Wage and Hour Act claims pursuant to Rule 23 of the Federal Rules of Civil Procedure.

On June 19, 2013, Defendant moved to compel arbitration, relying on a "Conflict/Dispute Resolution" provision contained in its 2010 Employee Handbook, which provides, in part, as follows:

> Employee understands that if he/she chooses to accept employment or to continue employment with Prime Communications after the set date [sic] forth below, Employee agrees to all provisions of the Dispute/Conflicts Resolution Program.
>
> **This includes the requirements under this Program that any legal dispute the Employee has against Prime Communications [sic] have waived all rights to bring a lawsuit and to a jury trial regarding any dispute, including, but not limited to, claims for pay or benefits arising under the Fair Labor Standards Act, Texas Pay Day Law Act or other similar state statue [sic], the Employee Retirement Income Security Act . . . , COBRA, personal injuries unrelated to job-related illnesses or injuries, and claims of discrimination based upon race, color, religion, sex, national origin, age, retaliation of any nature or disability under any federal, state or local civil rights statue [sic]; or any other claims, whether specifically employment-related or otherwise, arising from contract, tort or statue [sic] which Employee**

2

> might have arising from my employment with and separation from the Company.

(Df.'s Mem. Supp. Mot. Arbitration, Ex. A [DE #47-1] at 1-2.)

## COURT'S DISCUSSION

The Federal Arbitration Act provides for mandatory arbitration of disputes "when a valid arbitration agreement exists." *Hightower v. GMRI, Inc.,* 272 F.3d 239, 241 (4th Cir. 2001). An order compelling arbitration is warranted where a valid arbitration agreement exists and the dispute at issue falls within the scope of the arbitration agreement. *Id.* at 242. Where suit has been commenced upon an issue referable to arbitration, the court must stay the proceeding and compel arbitration. 9 U.S.C. § 3. "To satisfy itself that [parties have agreed to arbitrate a particular dispute], the court must resolve any issue that calls into question the formation or applicability of the specific arbitration clause that a party seeks to have the court enforce." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 130 S. Ct. 2847, 2856 (2010). Arbitration should be compelled "only where the court is satisfied that neither the formation of the parties' arbitration agreement nor (absent a valid provision specifically committing such disputes to an arbitrator) its enforceability or applicability to the dispute is in issue." *Id.* at 2857-58.

Relying on its 2010 Employee Handbook, Defendant contends that the parties to this action have agreed to binding arbitration of all employment related issues, including wage disputes. Defendant asserts that Lorenzo was provided a copy of the Employee Handbook "prior to or contemporaneously with the start of her employment." (Df.'s Mem. Supp. Mot. Arbitration at 2.) However, Defendant

3

concedes it is unable to produce evidence that Lorenzo signed a written acknowledgement that she received the handbook or agreed to the provisions contained therein consistent with Defendant's "customary practice." (*Id.* at 5-6.) While Lorenzo has admitted having seen the Employee Handbook on Defendant's intranet website, there is simply no evidence before the court that Lorenzo agreed to the arbitration provision. *See Normille v. Miller*, 313 N.C. 98 (1985) (mutual assent required for valid contract). Accordingly, no basis exists to compel arbitration of Lorenzo's claims.

## CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Defendant's motion to compel arbitration [DE #45] be DENIED.

The Clerk shall send a copy of this Memorandum and Recommendation to the respective parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 28th day of October 2013.

_____
KIMBERLY A. SWANK
United States Magistrate Judge