IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-69-H(2)

| | |
|---|---|
| ROSE LORENZO, on behalf of herself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PRIME COMMUNICATIONS, L.P., a )<br>Texas General Partnership, )<br>)<br>Defendant. ) | **ORDER AND MEMORANDUM & RECOMMENDATION** |

This matter is before the court on Plaintiff's renewed motion for conditional certification of her Fair Labor Standards Act claim as a collective action pursuant to 29 U.S.C. § 216(b) [DE #41], as well as her motion for class certification of her state-law claims pursuant to Rule 23 of the Federal Rules of Civil Procedure [DE #43]. These matters were referred to the undersigned for appropriate disposition by Senior United States District Judge Malcolm J. Howard. Defendant has filed responses opposing Plaintiff's motions, Plaintiff has replied, and on November 21, 2013, the court heard oral arguments of the parties. These motions are, therefore, ripe for ruling.

## BACKGROUND

This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 et seq. against Defendant Prime Communications, L.P. ("Prime"). Prime operates approximately 300 retail locations in twelve states from which it sells wireless and cellular communications products, plans, and accessories. In October 2009, Plaintiff, Rose Lorenzo, began working for

Prime as a Solutions Specialist at Prime's retail store in Fuquay-Varina, North Carolina. As a Solutions Specialist, Plaintiff was paid an hourly wage, plus overtime, and was also promised commissions based upon the gross profit of products, services and accessories sold by her, net of costs and chargebacks.

From January 2010 until June 17, 2011, Plaintiff was employed as Store Manager of one of Prime's retail locations in the Raleigh, North Carolina area. At the time of Plaintiff's employment, Prime classified its Store Managers as exempt from the FLSA's minimum wage and overtime provisions. Consequently, Prime paid its Store Managers a set salary regardless of the number of hours worked. Store Managers also earned bonuses based on their respective store's performance. In July 2012, Prime reclassified its Store Managers as non-exempt and began paying them overtime for any hours worked in excess of forty hours per week.

Plaintiff asserts that Prime misclassified its Store Managers as exempt under the FLSA. She brings this action "to recover unpaid compensation, in the form of overtime" pay (Am. Compl. [DE #15] ¶ 29), as well as liquidated damages, attorney's fees and costs (Am. Compl. ¶ 32).

Plaintiff also asserts claims against Prime under North Carolina's Wage and Hour Act ("NCWHA"). Plaintiff alleges, for example, that Prime failed to pay commissions and bonuses owed her and other Solutions Specialists and Store Managers, made improper wage deductions, and failed to pay its employees all wages when due in violation of North Carolina's payday statute, N.C. Gen. Stat. § 95-25.6.

On April 3, 2013, the court denied without prejudice Plaintiff's motion for conditional certification of her FLSA claim,[1] concluding that the evidence before the court failed to establish

---

[1] Plaintiff did not seek Rule 23 class certification of her state-law claims at that time.

that Plaintiff's job requirements were substantially similar to the requirements of Defendant's other Store Managers. The court amended its prior scheduling orders to give Plaintiff an additional forty-five (45) days to conduct further discovery related to the conditional certification issue and provided that Plaintiff may renew her request for conditional certification upon motion filed by June 14, 2013.

Plaintiff has since renewed her motion for conditional certification of a collective action and has filed a separate motion for class certification of her state-law claims under Rule 23. For the reasons that follow, the court grants conditional certification of Plaintiff's overtime claim, denies Plaintiff's request for conditional certification of a minimum wage claim, and recommends that class certification of Plaintiff's state-law claims be allowed.

## DISCUSSION

I. Conditional Certification of FLSA Collective Action

A. FLSA Certification Procedure

The FLSA allows for the maintenance of a collective action against an employer by employees who have been subjected to the same, allegedly unlawful practice or policy. *See* 29 U.S.C. § 216(b). In order to obtain certification of a FLSA collective action, the members of the proposed class must be "similarly situated." *Id.*; *De Luna-Guerrero v. N.C. Growers Ass'n*, 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004). Additionally, class members must "opt in" by filing their consent to suit. *Id.*

Class members are "similarly situated" for purposes of § 216(b) if they "raise a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions." Ellen C. Kearns, *The Fair Labor Standards Act* § 18.IV.D.3, at 1167 (1999).

However, "their situations need not be identical. Differences as to time actually worked, wages actually due, and hours involved are . . . not significant to this determination." *Id.*

Certification of a FLSA collective action is typically a two-stage process. First, the court makes a preliminary determination whether to conditionally certify the class based upon the limited record before the court. The standard for conditional certification is fairly lenient and requires "'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.'" *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)). If the class is conditionally certified, the court typically authorizes counsel to provide putative class members with notice of the lawsuit and their right to opt in.

The second stage of class certification comes later, usually after discovery is complete, and is based upon a more developed factual record. *Jimenez-Orozco v. Baker Roofing Co.*, No. 5:05-CV-34-FL, 2007 WL 4568972, at *6 (E.D.N.C. Dec. 21, 2007). At this stage, the court conducts a detailed review of the claims and defenses in determining whether the suit should proceed as a collective action. *Id.*

### B. The Proposed Collective

In her renewed motion, Plaintiff seeks to certify a subset of her original proposed FLSA class. The class for which conditional certification is sought is as follow:

> All current and former Prime [S]tore Managers employed from May 4, 2009 to date, who were employed at Prime locations where the non-manager sales person(s) they supposedly oversaw worked a combined less than 80 hours in a workweek during the statute of limitations period applicable to each of them.

(Mem. Supp. Renewed Mot. [DE #42] at 4.) Plaintiff argues that discovery provided in this case establishes that Prime inappropriately classified its Store Managers as exempt from overtime and minimum wage requirements under the FLSA's executive exemption because the managers were

4

not "customarily and regularly direct[ing] the work of" "two full-time employees or their equivalent" as required by 29 U.S.C. § 541.104(a). (Mem. Supp. Renewed Mot. [DE #42] at 3 (quoting 29 U.S.C. § 541.104(a)).)

Defendant objects to conditional certification of the proposed class. Relying on the court's prior order finding the evidence of Plaintiff's duties and responsibilities insufficiently similar to Prime's other Store Managers, Prime now contends that Plaintiff has abandoned her argument that she is "similarly situated" to the other Store Managers and that the court should, therefore, deny conditional certification in this case.

Based on the evidence of record, the court finds sufficient evidence to support conditional certification of Plaintiff's FLSA overtime claim. Plaintiff has come forth with evidence to suggest that Prime claimed all of its Store Managers exempt under the FLSA's executive exemption when approximately 60% of them were not regularly supervising subordinates for the requisite eighty hours each week. The fact that Plaintiff has changed the theory of her case since the court denied without prejudice her original request for conditional certification is not fatal to the FLSA overtime claim. Plaintiff is still seeking recovery of unpaid overtime on behalf of herself and others as alleged in her complaint. She is simply doing so on other grounds. She relies on one policy -- Prime's exemption of its Store Managers pursuant to FLSA's executive exemption. Moreover, she seeks to include only those employed as Store Managers who did not customarily and regularly supervise the equivalent of two full-time non-managerial employees. In sum, she claims that she and these other Store Managers are "together the victims of a single decision, policy or plan" that violates the FLSA. *See Thiessen*, 267 F.3d at 1102.

To the extent, however, that Plaintiff requests conditional certification to pursue a claim for minimum wage, the request must be denied. A review of Plaintiff's Amended Complaint

5

discloses only one FLSA claim, which seeks recovery of unpaid overtime pay. (Am. Compl. ¶¶ 56-62.) Plaintiff's Amended Complaint does not allege that Prime's policy or practices operated to deprive Plaintiff or other Store Managers of minimum wages. Therefore, the court denies Plaintiff's request to conditionally certify any such claim.

Given the absence of any claim for minimum wage, the definition of the collective should be modified to include only Store Managers that have worked more than forty hours in any given week. Moreover, because Prime changed its policy in July 2012, reclassifying its Store Managers as non-exempt under the FLSA, the court finds that the class should be more narrowly defined as follows:

> All individuals employed by Prime Communications, L.P., as Store Managers between May 4, 2009, and July 31, 2012, who worked more than forty hours per week in any given week and who worked at a location where the non-managerial sales personnel regularly worked a total of less than eighty (80) hours per week.

### C. Notice to Collective Class

The court has reviewed the proposed notice submitted by Plaintiff and notes that a number of changes will need to be made in light of the court's ruling with respect to the collective class authorized in this case. Accordingly, the court hereby directs the parties to confer and to jointly submit, within thirty (30) days of the date of this order, a revised proposed notice and opt-in form, as well as proposed procedures for distributing notice of the suit to the putative plaintiffs. To assist counsel in their discussions, the court directs counsel's attention to the notices approved by the court in the following cases: *Martinez-Hernandez v. Butterball*, No. 5:07-CV-174-H (E.D.N.C. Feb. 5, 2009) (DE #131-2); *Gaxiola v. Williams Seafood of Arapahoe*, No. 4:08-CV-134-H (E.D.N.C. July 13, 2009) (DE #31); *Hosler v. Smithfield Packing*

6

*Co.*, Inc., No. 7:07-CV-166-H (E.D.N.C. Aug. 8, 2008) (DE #233); and *Parker v. Smithfield Packing Co., Inc.*, No. 7:07-CV-176-H (E.D.N.C. Aug. 8, 2008) (DE #111).

**II.     Rule 23 Class Certification**

In addition to her FLSA claim, plaintiff has alleged state-law claims for which she seeks class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, plaintiff seeks class certification of her claim that Prime's "practices with respect to the calculation, payment and deduction of commission wages violates North Carolina's payday statute, [N.C. Gen. Stat.] § 95-25.6, by failing to pay its employees all wages when due, and North Carolina's wage deduction statutes, [N.C. Gen. Stat.] §§ 95-25.8 and 95-25.13, by failing to obtain written authorization and advance written notice of intent to make wage deductions in a manner required by" the North Carolina Wage and Hour Act ("NCWHA"). Plaintiff alleges, among other things, that Prime "manipulates its gross profit calculations to reduce or eliminate commissions to its employees, omits sales from commission calculations, and reduces commissions payable under a complex and unlawful system of wage deductions called "chargebacks."

For purposes of these claims, Plaintiff proposes certification of the following class:

> All natural persons employed by Prime Communications, L.P., in retail stores and kiosks in the [S]tate of North Carolina from February 17, 2006[2] to present who were paid commissions or bonuses based on sales.

(Pl.'s Rule 23 Mot. [DE #43] at 1.)

---

[2]As this action was initiated on February 17, 2012, it is the undersigned's opinion that class certification of Plaintiff's NCWHA claims, if allowed, should be limited to claims that arose on or after February 18, 2010. *See* N.C. Gen. Stat. § 95-25.22(f) (applying two-year limitations period set forth in N.C. Gen. Stat. § 1-53).

### A. Rule 23 Standard

To be certified as a class action under Rule 23, an action must meet four threshold requirements: (1) the class must be so numerous that joinder of all members is impractical ("numerosity requirement"); (2) there must be questions of law or fact common to the class ("commonality requirement"); (3) the representative parties' claims must be typical of the claims of the class ("typicality requirement"); and (4) the representative parties must be able to fairly and adequately protect the interests of the class ("adequacy-of-representation requirement"). Fed. R. Civ. P. 23(a).

The action must also satisfy one of the requirements set forth in Rule 23(b). See Fed. R. Civ. P. 23(b)(1), (2), (3). Plaintiff asserts that her NCWHA claims are maintainable under Rule 23(b)(3) because "questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In determining whether an action satisfies Rule 23(b)(3), the court should consider such matters as:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

### B. Rule 23(a) Requirements

#### 1. *Numerosity Requirement*

Prime argues that Plaintiff has not shown numerosity because "she has not proven that other employees have the same or similar complaints" with Prime's chargeback policy. (Df.'s Brief Opp. Pl.'s Rule 23 Mot. at 13.) Prime's argument misses the point. Plaintiff challenges the policy and practices used by Prime in calculating commissions and bonuses owed to its sales personnel and managers, as well as Prime's chargeback policy, whereby Prime reduces certain payments made to its employees for sales that are subsequently determined to be non-commissionable. Prime concedes that "[g]ross profit is calculated in the same manner for the purposes of determining bonuses and commissions to Store Managers and Solutions Specialists, respectively." (Df.'s Brief Opp. Pl.'s Rule 23 Mot. at 2.) Thus, the challenged policies and practices affected all individuals employed in Prime's North Carolina stores. Given the estimated twenty-five stores in North Carolina and a minimum of three individuals employed at each store at one time, it is reasonable to infer that at least seventy-five individuals have been affected by the challenged policy in the three-year period prior to the filing of this action. Plaintiff need not bring forward evidence that each of these individuals (or any number of them) desires to proceed with their claims against Prime.

#### 2. *Commonality & Typicality Requirements*

Prime similarly argues that Plaintiff has not met the commonality and typicality prerequisites because her "complaints are particular to her situation." (Df.'s Brief Opp. Pl.'s Rule 23 Mot. at 13.) Again, Prime's argument misses the point, since Plaintiff is challenging Prime's policies and practices, which applied to all individuals employed as Solution Specialists and Store Managers.

9

Plaintiff's NCWHA claims meet the commonality and typicality requirements of Rule 23(a). The putative class members were all employed in Prime's North Carolina stores with promises of sales-based compensation. Although there may be certain factual differences among the individual class members, Plaintiff's allegations are not based on conduct unique to her. The putative class members' claims arise from the same course of conduct, raise common questions of law and fact (*e.g.*, whether the bonus and commission payments made by Prime were "advances" or wages within the meaning of the NCWHA; whether Prime provided its employees with notice of any wage deductions in compliance with the NCWHA; and whether Prime's payment practices resulted in the underpayment of commissions) and are based on the same legal theories (violation of N.C. Gen. Stat. §§ 95-25.6, 95-25.8 and 95-25.13) as those of Plaintiff. The fact that adjudication of the claims against Prime may require an individualized assessment of damages does not mean that the putative class members' claims are not common or typical.

### 3. *Adequacy-of-Representation Requirement*

Rule 23(a)'s adequacy-of-representation requirement is also satisfied. Plaintiff was employed both as a Solution Specialist and Store Manager for Prime at locations in North Carolina. She has actively participated in this action and her interests in the outcome of this litigation do not appear to be in conflict with or antagonistic to other class members. She is represented by Stephen A. Dunn of Emanuel & Dunn, PLLC, and Harris D. Butler, III, of Butler Royals, PLC. Both Mr. Dunn and Mr. Butler have considerable experience in handling class action wage and hour lawsuits and have zealously represented the plaintiffs throughout this action. For these reasons, the undersigned finds that Mr. Dunn and Mr. Butler, as well as their client, will fairly and adequately represent the interests of the class.

C.  Rule 23(b)(3) Requirement

Plaintiff must also meet the requirements of Rule 23(b)(3) for class certification of her state-law claims. The inquiry here is whether the legal and factual issues common to the putative class predominate over any individual questions of law or fact. Plaintiff has met this burden by demonstrating that common questions of law concerning Prime's pay policies and practices predominate over questions affecting only individual members. Plaintiff need not, at this stage, "prove that the predominating question[s] will be answered in their favor." *Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1196 (2013).

Plaintiff has satisfied the requirements of Rule 23(b)(3). The policy and practices used by Prime in calculating gross profits, as well as Prime's chargeback policy, affect all of the putative class members. Although some factual differences may exist among the putative class members, these differences do not change the fact that the principal questions surrounding the NCWHA claims are the same.

A class action is also superior to other available methods for fairly and efficiently adjudicating the alleged NCWHA violations. No other action concerning this matter has been filed by any putative class member. Moreover, it does not appear that the putative class members would have a great interest or desire in bringing separate, individual suits against Prime due to the relatively small amount of damages involved. Additionally, interests of judicial efficiency would be promoted by having the putative class members' claims adjudicated in a single proceeding, rather than in multiple, individual suits.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for conditional certification of a collective action is GRANTED in part and DENIED in part, and Plaintiff's FLSA overtime claim is

11

conditionally certified to proceed as a collective action pursuant to 29 U.S.C. § 216(b). Stephen A. Dunn of Emanuel & Dunn, PLLC, and Harris D. Butler, III, of Butler Royals, PLC shall serve as counsel for the collective class. The parties are DIRECTED to confer and to submit to the court, within thirty (30) days of the date of this order, a proposed notice and opt-in form, as well as proposed procedures for distributing notice as to the putative plaintiffs.

It is further RECOMMENDED that Plaintiff's motion for Rule 23 class certification be granted in part and that Plaintiff's state-law claims arising on or after February 18, 2010, be allowed to proceed as a Rule 23 class action suit.

The Clerk shall send copies of this Order and Memorandum and Recommendation to counsel for the respective parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 36ỷ day of January 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge