IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| ROSE LORENZO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:12-cv-69-H |
| ) | |
| PRIME COMMUNICATIONS, L.P., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### DEFENDANT'S REPLY TO PLAINTIFFS' OMINBUS OPPOSITION

NOW COMES Defendant Prime Communications, L.P. ("Prime"), by and through counsel, and submits this Reply to *Plaintiffs' Omnibus Opposition to Defendant's Motions for Reconsideration and to Dismiss Certain Opt-In Plaintiffs* ("Plaintiffs' Response")(Document 85). Prime requests this Court reconsider its prior rulings on Prime's *Motion for Arbitration* pursuant to Federal Arbitration Act (hereinafter "FAA"), 9 U.S.C. §§ 1-16, to stay this proceeding, and to order the parties to arbitration in accordance with Prime's Dispute/Conflict Resolution Program. Prime's Motion should be granted since new evidence regarding Rose Lorenzo's signed acknowledgment page has been produced, and Prime has produced signed acknowledgment pages for certain opt-in plaintiffs requiring their individual disputes to be determined through arbitration.

### ARGUMENT

In Plaintiffs' Response, they raise several factual allegations to support their opposition to *Defendant Prime Communications, L.P.'s Motion for Reconsideration* ("Motion for Reconsideration") and *Motion to Dismiss Certain Opt-In Plaintiffs* ("Motion to Dismiss")(both

motions collectively referred to as "Prime's Motions"). None of Plaintiffs' factual allegations are true nor do they provide adequate grounds for denial of either of Prime's Motions.

**I.      PRIME HAS NOT DEFAULTED ON ITS RIGHT TO DEMAND ARBITRATION.**

The Plaintiffs contend that Prime has waived any right to demand arbitration because the parties have "engaged in full blown litigation, including multiple negotiated discovery schedules…depositions of opt in plaintiffs and finally, conditional certification briefing." (*See* Document 54, pg. 2) Additionally, the Plaintiffs contend that Prime's failure to bring a demand over the course of the last year is justification for a waiver. However, these allegations are misleading.

First, Prime raised the defense and demand for arbitration in its Answer (Document 13) and Answer to the Amended Complaint (Document 21). Second, Prime has NOT served any written discovery on the Plaintiffs. Lastly, Prime has only participated in pre-certification discovery in the form of deposing Lorenzo and two opt-in Plaintiffs in order to defend itself from Plaintiffs' Certification Motions.

Nevertheless, in regards to discovery, under the arbitration program established by Prime, which would govern any dispute of employees such as plaintiffs, each party would be allowed to take the deposition of two individuals:

> Each party shall have the right to take the **deposition of two individuals** and any expert witnesses designated by another party; provided, however, if more than one Employee is involved in the arbitration, [Prime] may be permitted two depositions with respect to each Employee. Each party also shall have **the right to serve written interrogatories and requests for production of documents and for admissions** to any party in accordance with the Federal Rules of Civil Procedure. The subpoena right specified below shall be applicable to discovery pursuant to this paragraph. Additional discovery may be had only where the arbitrator selected so orders.

(*See* Document 85-2, p.4)(emphasis added) Therefore, under the arbitration program, not only was Prime allowed to take depositions, both parties had the right to serve interrogatories. Therefore, the activity involved in this case thus far has not been in contradiction to the arbitration procedures. Therefore, Plaintiffs have not been prejudiced in this matter, but instead have implemented discovery procedures allowed in arbitration to support their underlying claims.

The only other activity during discovery by Prime was in **answering** Plaintiff's discovery, **defending** depositions noticed by Plaintiff, and **responding** to Plaintiff's motions. Therefore, Plaintiff's contentions that Prime "engaged in full blown litigation," is misleading, since Prime has merely responded in accordance with the Federal Rules of Civil Procedure or prepared a defense during the pre-certification discovery. Prime has not waived its right to demand arbitration by merely noticing three depositions taken solely to defend itself in anticipation of subsequent certification motions.

Prime has made clear its intentions to not waive its right to arbitration in its responses to both Plaintiff's *Motion for Facilitated Notice* (*See Defendant Prime's Brief in Opposition to Plaintiffs' Motion for Facilitated Notice,* Document 31) and Plaintiff's *Renewed Motion for Facilitated Notice* (*See Defendant Prime's Brief in Opposition to Plaintiffs' Renewed Motion for Facilitated Notice*, Document 52) In both responses, Prime has included a footnote that reads in part, "[b]y responding to this Motion, Prime does not intend to waive this defense and solely intends to directly respond to Plaintiffs' Motion." (Document 52, pg. 1 and Document 31, pg. 1).

"A party may waive its right to insist on arbitration if the party 'so substantially utiliz[es] the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay.' But even in cases where the party seeking arbitration has invoked the

'litigation machinery' to some degree, '[t]he dispositive question is whether the party objecting to arbitration has suffered *actual prejudice.*'" *Mircrostrategy, Inc., v. Betty J. Lauricia*, 268 F.3d 244, 249 (4th Cir. 2001)(*quoting Maxum Foundations, Inc. v. Salus Corp.*, 779 F.2d 974, 981 (4th Cir. 1985)). There has been no utilization of the 'litigation machinery' by Prime that has prejudiced Plaintiff; instead, the activity of the parties has largely been discovery tools that are allowed during the arbitration process. *See Sullivan v. Bright*, 129 N.C.App. 84, 497 S.E.2d 118 (1998)(holding that evidence of taking two depositions, by itself, does not support a finding that a party took advantage of discovery procedures that would be unavailable in arbitration).

Therefore, it would be prejudicial to conclude the Prime has waived its right to arbitration by defending itself in this action and preparing for certification motions. Additionally, Lorenzo has not suffered any actual prejudice, as she has not been forced into responding to any written discovery and has merely attended her own deposition during the pre-certification discovery period. All other forms of discovery were initiated by Plaintiff's counsel, and Lorenzo was actually the recipient of information and therefore, actually gained a benefit from the pre-certification discovery, as opposed to being prejudiced.

Prime's activities in this case have not been inconsistent with its intent to arbitrate and Prime has not waived its right to demand arbitration. In fact, Prime has repeatedly raised this defense in replying to Plaintiffs' certification motions, and Prime has not availed itself of discovery not available in arbitration.

## II. THE EMPLOYEE HANDBOOK PROVIDES SUFFICIENT NOTICE OF THE ARBITRATION PROGRAM.

Plaintiffs contend that the specific details of the arbitration procedure were not provided to Lorenzo or opt-in plaintiff Guy Rodriquez. However, the arbitration agreement is specifically listed in the Employee Handbook. (*See* Document 80-1) Additionally, the agreement provides,

"the Employee has been given the opportunity to discuss this Program with Employee's private legal counsel to the extent they wished to do so." (*See Id.* at 4) Therefore, Prime provides the opportunity for its employees to have the program reviewed by personal counsel at their discretion. Just because Lorenzo and Rodriquez failed to do so does not render the arbitration policy invalid. Nor is the policy invalid because Lorenzo and/or Rodriquez did not utilize the procedures outlined in the Employee Handbook or because the explicit details of the program are not listed in Employee Handbook, but are provided in additional documents. (*See Torrence v. Nationwide Budget Finance*, *et al*, Document 84-1, p. 12)("The United States Supreme Court has made it clear that it will no longer tolerate courts or laws which seek to frustrate the intent of Congress in enacting the FAA.")

What is important, however, is that upon review of the Employee Handbook, the employee is (a) aware that there is a policy and procedure in place for dispute resolution, (b) that both the employee and Defendant Prime are giving up their individual rights to sue one another, (c) that employment is conditioned upon the agreement to utilize the dispute resolution program and (d) the Employee Handbook outlines the chain of command for making employment related complaints. (i.e. first report to immediate manager, then People Services Department, then President of Sales and Operations, then mediation, and finally arbitration.)(*See* Document 80-1)

### III. THERE CAN BE NO DEFAULT ARGUMENT FOR THE OPT-IN PLAINTIFFS

Plaintiffs "do not contest the effect of the Federal Arbitration Act, nor the contents of Prime's Employee Handbook" (Document 85, p. 4), but merely raise arguments regarding the two points above. However, Plaintiffs' argument that the demand for arbitration has been waived by Prime cannot be asserted for the opt-in plaintiffs in this matter. At this time, Prime seeks to dismiss from this collective action the following opt-in plaintiffs: Charlotte Woodring,

Guy Rodriguez, and Rajan B. Patel[1]. At the time of filing their notices of consent, this Court had not yet ruled upon *Plaintiff's **Renewed** Motion for Facilitated Notice* (Document 41); and it was not yet decided whether Rodriguez, Woodring, and/or Patel would even be allowed to participate in the lawsuit, if the collective action was not allowed. Therefore, the issue of whether certain opt-in plaintiffs should be allowed to participate was not yet ripe. On January 15, 2014, this Court granted, in part, Plaintiff's Motion for Conditional Certification to proceed as a collective action pursuant to 29 U.S.C. § 216(b) (Document 74), which brought the issue of whether the opt-ins were proper members of the collective action to the forefront. As soon as the issue was ripe (when the court allowed the conditional certification) Prime shortly thereafter moved to dismiss these opt-in plaintiffs and to compel arbitration of their claims. At a minimum, none of the arguments made by Plaintiffs apply to Woodring, Rodriquez or Patel.[2]

Additionally, Prime did not know that Patel sought to become a member of the collective action until receiving his consent on January 9, 2014. Therefore, Plaintiffs cannot argue that Prime was waived the right to demand arbitration as to his claims; it would be unreasonable for Prime to dismiss potential opt-ins that had not yet expressed an interest in joining this collective action.

## **CONCLUSION**

Based on the foregoing, Prime requests that this Court grant its Motion for Reconsideration and review its prior *Motion and Demand for Arbitration* on the basis that Rose Lorenzo's signed acknowledgment page has been produced, and that this court grant Prime's

---

[1] Two other potential opt-in Plaintiffs, Ashley Barnette, Amit Kumur, and Cori Anne Martinez, also filed consents to become a party to the collective action. Defendant Prime has not yet located the acknowledgement pages for Barnette, Kumar, and Martinez, but is continuing to search for those documents. Once they have been found, Defendant Prime intends to file a Motion to Dismiss as to those persons from this collective action, and reserves all rights to bring a Motion to Dismiss once their individual acknowledgement pages are located.

[2] This would also apply to any future opt-in plaintiffs, as well as current opt-in plaintiffs once their acknowledgment pages are located.

*Motion to Dismiss Certain Opt-in Plaintiffs* from the collective action and compel arbitration of their respective claims.

This the 27th day of February, 2014.

          **RAGSDALE LIGGETT, PLLC**

      BY: */s/ John B. Walker*
         William W. Pollock
         N.C. State Bar No.: 19381
         John B. Walker
         N.C. State Bar No.: 35631
         Post Office Box 31507
         Raleigh, NC27622-1507
         Email: bwalker@rl-law.com
         Telephone: (919) 787-5200
         Facsimile: (919) 783-8991
         *Attorneys for Defendant Prime Communications, L.P.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February, 2014, I electronically filed the foregoing **DEFENDANT'S REPLY TO PLAINTIFFS' OMNIBUS OPPOSITION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Stephen A. Dunn, Esq.
EMANUEL & DUNN, PLLC
Post Office Box 426
Raleigh, NC 27602
Email: sdunn@emanuelanddunn.com
*Counsel for Plaintiff*

Harris D. Butler III, Esq.
Zev H. Antell, Esq.
BUTLER ROYALS, PLC
100 Shockoe Slip, 4th Floor
Richmond, VA 23219
Email: Harris.butler@butlerroyals.com
Email: Zev.antell@butlerroyals.com
*Counsel for Plaintiff*

Raymond E. Dunn, Jr., Esq.
Charles J. Cushman, Esq.
EMANUEL & DUNN, PLLC
Post Office Box 1389
New Bern, NC 28563
Email: rdunn@emanuelanddunn.com
Email: ccushman@emanuelanddunn.com
*Counsel for Plaintiff*

**RAGSDALE LIGGETT, PLLC**

BY: */s/ John B. Walker*
John B. Walker
N.C. State Bar No.: 35631
Post Office Box 31507
Raleigh, NC 27622-1507
Email: bwalker@rl-law.com
Telephone: (919) 787-5200
Facsimile: (919) 783-8991
*Attorneys for Defendant Prime Communications, L.P.*

320409
- 8 -
Case 5:12-cv-00069-H   Document 89   Filed 02/27/14   Page 8 of 8