IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-69-H

ROSE LORENZO, on behalf of )
herself and all others )
similarly situated, )
)
    Plaintiff, )
)
v. )
) **ORDER**
PRIME COMMUNICATIONS, L.P., a )
Texas General Partnership, )
)
    Defendant. )

This matter is before the court on the following:

(1) Plaintiff's motion to certify class under Rule 23. Defendant responded, and plaintiff replied. United States Magistrate Judge Kimberly A. Swank filed a memorandum and recommendation (M&R) recommending that this court grant the motion to certify on January 15, 2014. Defendant filed objections to the M&R, and plaintiff responded to the objections.

(2) Defendant's appeal of the Order of Magistrate Judge Swank conditionally certifying a collective action under 29 U.S.C. § 216(b). Plaintiff has responded to the appeal.

These matters are ripe for adjudication.[1]

---

[1] Also before the court are defendant's motion for reconsideration of this court's order denying defendant's motion to compel arbitration, defendant's motion to dismiss certain opt-in plaintiffs, plaintiff's motion to toll the statute of limitations, and plaintiff's motion to compel. These matters shall be ruled on in due course.

**REVIEW OF M&R**

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, a district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See also Local Civil Rule 72.4, EDNC.

Defendant objects to the M&R recommending certification of the Rule 23 class for the following reasons: (1) new evidence has been discovered that would disqualify Rose Lorenzo as a class representative; (2) the issue of "chargebacks" is so highly individualized that a class action is not an appropriate method for investigation or resolution of those claims; and (3) the evidence before this court does not support a claim that Prime's chargeback policy violated any provision of the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 to 95-25.25 ("NCWHA").

Defendant's first objection is based on the premise that "if" the court were to grant its motion to reconsider, then it should also "reverse" the Rule 23 certification. If this court were to grant the motion to reconsider, then defendant would be free to move for relief appropriate under the circumstances.

As to defendant's second and third objections regarding chargebacks, the court has carefully considered defendant's

2

arguments and finds the M&R to be proper. The M&R carefully considered the nature of chargebacks in this case, and found that they were not individualized but as a matter of policy affected employees in about twenty-five stores in North Carolina. See M&R 9-10. Furthermore, this same course of conduct regarding chargebacks could violate provisions of the NCWHA. See M&R 10 (listing examples of potential NCWHA claims). Therefore, defendant's objections are without merit.

A full and careful review of the M&R and other documents of record convinces the court that the recommendation of the magistrate judge is, in all respects, in accordance with the law and should be approved.

Accordingly, the court adopts the recommendation of the magistrate judge as its own; and for the reasons stated therein, the defendant's motion to certify the class pursuant to Rule 23 is GRANTED.

## **APPEAL**

Defendant also appeals the Magistrate Judge's Order granting conditional certification of the collective action pursuant to FLSA. Upon appeal of a Magistrate Judge's Order, the court will consider timely objections and "modify or set

3

aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Defendant specifically challenges the finding that plaintiff "has come forth with evidence to suggest" that she and other store managers were "victims of a single decision, policy or plan," (Order at 5) as incorrect both legally and factually. Further, defendant argues that plaintiff is not a member of the class she seeks to represent, claiming that plaintiff did not work the requisite hours or perform the duties required. Additionally, defendant argues, once again, the plaintiff should be disqualified as a class representative, based on its recent production of a long lost and illegible Employee Handbook acknowledgement. The court finds no reason to set aside the magistrate judge's ruling, as the granting of conditional certification is not clearly erroneous or contrary to law.

## CONCLUSION

For the foregoing reasons, the court adopts the recommendation of the magistrate judge as its own [DE #74]; and for the reasons stated therein, the defendant's motion to certify the class pursuant to Rule 23 [DE #43] is GRANTED. The court hereby certifies the Rule 23 class as follows:

4

All natural persons employed by Prime Communications, L.P., in retail stores and kiosks in the State of North Carolina from February 18, 2010 to present who were paid commissions or bonuses based on sales.

The parties are DIRECTED to confer and to submit to the court, by April 15, 2014, a proposed notice with appropriate opt-out and opt-in forms, as well as proposed procedures for distributing notice as to the putative plaintiffs. Said notice shall be a joint notice, including notice to both the potential collective action members and the Rule 23 class members and shall also include the revisions to the collective action portion of the notice as ordered by Judge Swank's order of March 20, 2014.

Additionally, defendant's appeal of the order granting conditional certification is DENIED [DE #82].

The clerk is directed to refer this matter to Judge Swank for entry of a scheduling order.

This 24th day of March 2014.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26