IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-69-H

ROSE LORENZO, on behalf of　　)
herself and all others similarly　)
situated,　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　)　　　MEMORANDUM &
　　v.　　　　　　　　　　　　)　　　RECOMMENDATION
　　　　　　　　　　　　　　　)
PRIME COMMUNICATIONS, L.P., a　)
Texas General Partnership,　　　)
　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　)

This matter is before the court for consideration of Defendant's motion to
dismiss certain opt-in plaintiffs and reconsideration of Defendant's motion to
compel arbitration, which were referred to the undersigned by Senior United States
District Judge Malcolm J. Howard. Plaintiff has responded, Defendant has replied,
and the motions are therefore ripe for ruling.

BACKGROUND

Rose Lorenzo ("Lorenzo") was formerly employed with Defendant Prime
Communications, L.P. ("Prime"), first, as a Solutions Specialist selling wireless
communications products, services and accessories and, later, as a Sales Manager of
one of Prime's retail stores. Lorenzo brought this action on behalf of herself and
other similarly situated individuals seeking recovery of unpaid wages and overtime
pay, as well as liquidated damages, attorneys' fees and costs.

On June 19, 2013, Prime moved to compel arbitration, relying on a "Conflict/Dispute Resolution" provision contained in its 2010 Employee Handbook, which provides, in part, as follows:

> Employee understands that if he/she chooses to accept employment or to continue employment with Prime Communications after the set date [sic] forth below, Employee agrees to all provisions of the Dispute/Conflicts Resolution Program.
>
> **This includes the requirements under this Program that any legal dispute the Employee has against Prime Communications [sic] have waived all rights to bring a lawsuit and to a jury trial regarding any dispute, including, but not limited to, claims for pay or benefits arising under the Fair Labor Standards Act, Texas Pay Day Law Act or other similar state statue [sic], the Employee Retirement Income Security Act . . . , COBRA, personal injuries unrelated to job-related illnesses or injuries, and claims of discrimination based upon race, color, religion, sex, national origin, age, retaliation of any nature or disability under any federal, state or local civil rights statue [sic]; or any other claims, whether specifically employment-related or otherwise, arising from contract, tort or statue [sic] which Employee might have arising from my employment with and separation from the Company.**

(Df.'s Mem. Supp. Mot. Arbitration, Ex. A [DE #47-1] at 1-2.)

On October 29, 2013, the undersigned submitted a Memorandum and Recommendation ("M&R") recommending that the court deny Prime's motion to compel arbitration. The court entered an order adopting the M&R on November 20, 2013. In the M&R, it was noted that although Prime reported a "customary practice" of having its employees acknowledge, in writing, receipt of the employee handbook, Prime was unable to produce an acknowledgement signed by Lorenzo. Because there was no evidence that Lorenzo had agreed to the arbitration provision

contained in the employee handbook, the court determined that no basis to compel arbitration existed.

In the motion for reconsideration presently before the court, Prime indicates that it has located Lorenzo's signed acknowledgement and, therefore, requests reconsideration of its motion to compel arbitration. Relying on similar acknowledgements signed by other employees, Prime also moves to dismiss the claims of certain opt-in plaintiffs.

## DISCUSSION

The Federal Arbitration Act provides for mandatory arbitration of disputes "when a valid arbitration agreement exists." *Hightower v. GMRI, Inc.,* 272 F.3d 239, 241 (4th Cir. 2001). An order compelling arbitration is warranted where a valid arbitration agreement exists and the dispute at issue falls within the scope of the arbitration agreement. *Id.* at 242. Where suit has been commenced upon an issue referable to arbitration, the court must stay the proceeding and compel arbitration. 9 U.S.C. § 3. "To satisfy itself that [parties have agreed to arbitrate a particular dispute], the court must resolve any issue that calls into question the formation or applicability of the specific arbitration clause that a party seeks to have the court enforce." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 130 S. Ct. 2847, 2856 (2010). Arbitration should be compelled "only where the court is satisfied that neither the formation of the parties' arbitration agreement nor (absent a valid provision specifically committing such disputes to an arbitrator) its enforceability or applicability to the dispute is in issue." *Id.* at 2857-58.

3

Whether parties have agreed to arbitrate a particular dispute is a matter of contract law in which "the court should apply 'ordinary state-law principles that govern the formation of contracts.'" *Johnson v. Circuit City Stores, Inc.*, 148 F.3d 373, 377 (4th Cir. 1998) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). North Carolina law governs the contract in this case. *See Fortune Ins. Co. v. Owens*, 351 N.C. 424, 428, 526 S.E.2d 463, 466 (2000) (holding that the law governing a contract claim is the law of the place where the contract was formed). "For arbitration clauses to be enforceable, North Carolina requires offer, acceptance, consideration, mutual assent, and the presence of no valid defenses for contract formation." *Moye v. Duke Univ. Health Sys., Inc.*, No. 1:06-CV-337, 2007 WL 1652542, at *2 (M.D.N.C. June 5, 2007) (citing *Copy Prods., Inc. v. Randolph*, 62 N.C. App. 553, 555, 303 S.E.2d 87, 88 (1983)).

"The law of North Carolina is clear that unilaterally promulgated employment manuals or policies do not become part of the employment contract unless expressly included in it." *Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 259, 335 S.E.2d 79, 83-84 (N.C. Ct. App. 1985) "In order to find that the terms included in an employee handbook or policies are 'expressly included' in a contract, North Carolina courts 'require language that unmistakably indicates such incorporation.'" *Williamson v. Carolina Power & Light Co.*, 754 F. Supp. 2d 787, 793 (E.D.N.C. 2010) (quoting *Norman v. Tradewinds Airlines, Inc.*, 286 F. Supp. 575, 586 (M.D.N.C. 2003)).

4

Relying on its 2010 Employee Handbook and the production of signed acknowledgements, Prime contends that the parties to this action have agreed to binding arbitration of all employment related issues, including wage disputes.[1] The form consists of three subsections: (1) "Acknowledgement of Employee Handbook;" (2) "Acknowledgement of Wage Deduction;" and (3) "Acknowledgement of Chargeback."

Throughout the one page document, there is no reference to an "arbitration agreement" or a "Conflict/Dispute Resolution" provision. In fact, the acknowledgment very explicitly states that the handbook does not create a contract. In pertinent part, the acknowledgement form reads:

> I understand that I am responsible for reviewing the Prime Communications Employee Handbook. . . .
>
> . . . .
>
> **I understand that the Prime Communications' Employee Handbook is not a contract of employment** and does not change the employment-at-will status of employees. **Moreover, no provision should be construed to create any bindery [sic] promises or contractual obligations between the Company and the employees (management or non-management)**. . . .
>
> . . . .
>
> By my signature below, I acknowledge, understand, accept, and agree to comply with the information contained in the Employment Handbook. I acknowledge that I will review and read the Company Handbook and that I have the opportunity to ask my Manager questions about the Handbook. I further acknowledge that I fully understand or will make sure that I do understand the contents there of [sic], as they relate to my employment with Prime Communications.

[1] Lorenzo's individual form is illegible, but for purposes of Defendant's motion, the undersigned assumes that her acknowledgment is the same or virtually identical to the acknowledgments signed by the other employees.

5

**I understand that the information contained in the Handbook are guidelines only and are in no way to be interpreted as a contract**. . . .

(emphases added).

By signing the form, it is evident that an employee is not forming a contract with Prime as to the contents of the employee handbook. The employee is merely acknowledging the existence of the handbook and agreeing to review and become familiar with the handbook. Although the employee purportedly agrees to comply with the information contained in the employee handbook, the acknowledgement expressly states that the employee handbook is not a contract and "creates no bindery [sic] promises or contractual obligations." Because the acknowledgement clearly and unequivocally states that the handbook does not create a contract between Prime and its employees, Defendant has failed to show that Lorenzo or the opt-in plaintiffs have assented to the creation of a binding arbitration agreement as required under North Carolina contract law.

## CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Defendant's motion to dismiss opt-in plaintiffs [DE #79] and Defendant's motion for reconsideration of its prior motion to compel arbitration [DE #77] be DENIED.

The Clerk shall send a copy of this Memorandum and Recommendation to the respective parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the

proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 31st day of March 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge