IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-69-H

ROSE LORENZO, on behalf of herself and )
all others similarly situated, )
)
    Plaintiff, )
)
v. )
) **MEMORANDUM &**
) **RECOMMENDATION**
PRIME COMMUNICATIONS, L.P., a )
Texas General Partnership, )
)
    Defendant. )

This matter is before the court on Plaintiff's motion to toll the statute of limitations [DE #62], which Senior United States District Judge Malcolm J. Howard referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Defendant has filed a response in opposition to the motion [DE #70], and Plaintiff has replied [DE #71] and filed a supplement to its motion [DE #91].

## BACKGROUND

Plaintiff Rose Lorenzo filed this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, ("FLSA") and North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 *et seq.*, ("NCWHA") on May 4, 2012. Lorenzo, a former employee of Defendant Prime Communications, L.P. ("Prime"), alleges that Prime misclassified its Store Managers as exempt under the FLSA and has failed to pay overtime required by law. Plaintiff also asserts that Prime failed to pay commissions and bonuses owed her and other employees, made improper wage deductions, and failed to pay its employees all wages when due in violation of the NCWHA.

On April 3, 2013, the court denied without prejudice Plaintiff's motion for conditional certification of her FLSA claim, concluding that the evidence before the court failed to establish that Plaintiff's job requirements were substantially similar to the requirements of Defendant's other Store Managers. (*See* DE #35.) The court amended its prior scheduling orders to give Plaintiff an additional forty-five (45) days to conduct further discovery related to the conditional certification issue and to permit Plaintiff to renew her request for conditional certification upon motion filed by June 14, 2013. (*Id.* at 8.)

That same day, and pursuant to this court's April 3, 2013 order, Plaintiff served Defendant with supplemental discovery requesting, *inter alia*, the names and contact information of Store Managers employed by Defendant since May 4, 2009. (Pl.'s Mot. Compel Discovery, Ex. C [DE #36-3] at 5 (production request #28).) Defendant refused to provide this information, asserting a number of objections, including that Plaintiff's request for this information "was previously denied by [the] court in the denial of Plaintiff's Motion for Facilitated Notice where Plaintiff sought (but was denied) the names of all Store Managers since May 4, 2009." (*Id.*) Plaintiff moved to compel discovery, and on October 29, 2013, the court granted Plaintiff's motion, in part, concluding that the information sought in production request #28 was the type of "additional discovery" contemplated by the court's April 3, 2013, order. (*See* DE #61.) Following a hearing held on November 21, 2013, the court compelled further discovery by Defendant. (*See* DE #72, 92.)

Plaintiff's motion for conditional certification of the FLSA claim was granted by the undersigned on January 15, 2014. (DE #74.) Defendant appealed the decision to the District Judge, who denied Defendant's appeal on March 24, 2014. (DE #94.) Judge Howard also certified Plaintiff's NCWHA claims as a class pursuant to Rule 23 of the Federal Rules of Civil

Procedure. (DE #94.) Defendant has since filed a petition for leave to file an interlocutory appeal to the Fourth Circuit. (DE #101.)

On March 6, 2014, Plaintiff filed a motion to compel Defendant "to produce a list of putative plaintiffs and contact information" to be used for mailing the FLSA notices and opt-in consent forms to the putative members of the collective action. Plaintiff represented that Defendant had advised counsel that the list would not be provided until the court had approved the notice and opt-in forms. A telephonic hearing was held on Plaintiff's motion on April 7, 2014, at which time the court ordered Defendant to provide the information requested on or before April 15, 2014.

Citing Defendant's refusal to provide discovery, as well as Defendant's unsuccessful efforts to compel arbitration of this matter,[1] Plaintiff contends that the delay in conditional certification of the collective action is attributable to factors outside Plaintiff's control. Thus, Plaintiff argues that the limitations period applicable to the putative plaintiffs' FLSA claims should be tolled.

## DISCUSSION

Unlike Rule 23 claims, which are tolled at the time a class action is filed, the limitations period for FLSA collective action claims continues to run for each plaintiff until such time as he

---

[1] On June 19, 2013, Defendant filed a Motion to Stay and Demand for Arbitration based upon a "Conflict/Dispute Resolution" provision contained in its 2010 Employee Handbook. On October 29, 2013, the undersigned recommended that Defendant's motion be denied (*see* DE #60), and Defendant objected. On review, Judge Howard adopted the undersigned's memorandum and recommendation and denied Defendant's motion to compel arbitration. (DE #69.) On January 30, 2014, Defendant filed a motion for reconsideration of the court's arbitration ruling. On referral from Judge Howard, the undersigned recommended denial of Defendant's motion for reconsideration on March 31, 2014. (DE #97.) Defendant has filed written objections to the undersigned's memorandum and recommendation, which are presently before the court. (DE #104.) Defendant has also filed a petition for interlocutory appeal of the court's arbitration rulings to the Fourth Circuit. (DE #101.)

3

consents to suit. 29 U.S.C. § 256(b). Although to be used sparingly, the doctrine of equitable tolling may operate to relieve a plaintiff of a statutory limitations bar when "extraordinary circumstances" beyond a plaintiff's control prevent timely filing of one's claims. *Chao v. Virginia Dep't Transp.*, 291 F.3d 276, 283 (4th Cir. 2002). It is not appropriate to employ equitable tolling, however, "where the claimant failed to exercise due diligence in preserving his legal rights." *Id.* (quoting *Irwin v. Dep't of Veterans*, 498 U.S. 89, 96 (1990)) (internal quotation marks omitted).

In the interests of justice, courts have allowed equitable tolling of FLSA claims where conditional certification and notice to the prospective plaintiffs has been delayed due to the procedural posture of the case. *See, e.g., McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (delay in reaching certification motion constituted "extraordinary circumstance" justifying equitable tolling); *Ruffin v. Entm't of the E. Panhandle*, No. 3:11-CV-19, 2012 WL 28192, at *2 (D. Ariz. Jan. 5, 2012) (tolling appropriate where court deferred decision on conditional certification until after resolution of setoff claim); *Stickle v. SCIWestern Mkt. Support Ctr., L.P.*, No. 08-CV-083-PHX-MHM, 2008 WL 4446539 (D. Ariz. Sept. 30, 2008) (tolling appropriate where court delayed conditional certification due to motion to dismiss).

This case presents extraordinary circumstances warranting equitable tolling. Plaintiff has diligently pursued her rights and the rights of the other putative class members throughout this action. Following the denial without prejudice of Plaintiff's initial motion for conditional certification, Plaintiff accepted the court's invitation to conduct additional discovery and served Defendant with discovery requesting the names and contact information of Store Managers employed by Defendant during the period relevant to her suit. Notwithstanding the fact that such

4

discovery was contemplated by and authorized by the court, Defendant refused to provide the information requested, thereby thwarting Plaintiff's efforts to demonstrate the requisite criteria for conditional certification. It was only after Plaintiff filed a motion to compel and this court compelled production of this information (after expiration of Plaintiff's deadline for filing a renewed motion for conditional certification) that Defendant finally produced the information sought by Plaintiff's supplementary discovery requests. Despite the fact that Plaintiff had not received the information requested from Defendant, Plaintiff nevertheless filed her renewed motion for conditional certification within the timeframe set by the court.

Defendant, on the other hand, has engaged in a number of acts that, if not taken with a dilatory motive, have certainly operated to delay the court's consideration of such matters as Plaintiff's motion for conditional certification of a FLSA collective action. (*See, e.g.*, DE #61, #72, #92 (orders compelling discovery by Defendant); DE #45, #66, #77, #79, #101 (motions for arbitration and related appeals).) Through no fault of Plaintiff or the putative class members, seven months elapsed from the time Plaintiff filed her renewed motion for conditional certification on June 14, 2013, until the court's ruling on the motion on January 15, 2014. Claiming the existence of new evidence disqualifying Plaintiff as a class representative, Defendant appealed the order conditionally certifying the FLSA collective action. (DE #82). Judge Howard denied Defendant's appeal on March 24, 2014, but Defendant has since filed for leave to appeal to the Fourth Circuit a related issue, as well as the court's denial of Defendant's demands for arbitration. (*See* DE #101.) Most recently, Defendant refused to provide Plaintiff with the names and addresses of the putative FLSA class members, asserting that it would not do so until after the FLSA notice had been approved by the court.

5

The FLSA notice having been approved by the court on May 5, 2014, putative plaintiffs should be receiving notice of the suit shortly. Nevertheless, it will have been almost a year since Plaintiff filed her renewed motion for conditional certification. Claims of putative opt-in plaintiffs may become time barred prior to those individuals having received notice of the action. In the interests of justice and fairness, the undersigned therefore RECOMMENDS that the court equitably toll the FLSA limitations period from August 13, 2013 (sixty days from the filing of Plaintiff's renewed motion for conditional certification) until April 15, 2014.

## **CONCLUSION**

For the foregoing reasons, the undersigned RECOMMENDS that Plaintiff's motion to toll the statute of limitations [DE #62] be GRANTED and that the court equitably toll the FLSA limitations period from August 13, 2013, until April 15, 2014.

The Clerk shall send a copy of this Memorandum and Recommendation to the respective parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 8th day of May 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge