IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-69-H

ROSE LORENZO, on behalf of )
herself and all others )
similarly situated, )
)
    Plaintiff, )
)
v. )
) **ORDER**
PRIME COMMUNICATIONS, L.P., a )
Texas General Partnership, )
)
    Defendant. )

This matter is before the court on defendant's motions to dismiss certain opt-in plaintiffs and reconsideration of defendant's motion to compel arbitration. Plaintiff has responded, and defendant has replied. On March 31, 2014, United States Magistrate Judge Kimberly A. Swank filed a memorandum and recommendation (M&R) recommending that both motions be denied. Defendant objected to the M&R, and plaintiff responded to defendant's objections.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, a district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See also Local Civil Rule 72.4, EDNC.

Defendant objects to the M&R arguing that the Magistrate Judge (1) failed to acknowledge the binding arbitration agreement between the parties, (2) ignored strong precedent favoring arbitration and a liberal interpretation of arbitration agreements, and (3) failed to address whether defendant set forth sufficient evidence for a motion for reconsideration under Federal Rule of Civil Procedure 60.

The court finds that the M&R did not fail to acknowledge the binding arbitration agreement as argued by defendant but rather found, once again, a lack of assent on the part of plaintiff. Because defendant has not shown assent on the part of the plaintiff, there is no contract. Additionally, defendant's objections regarding "strong precedent" favoring arbitration is without merit. The court acknowledges strong precedent favoring arbitration where the parties can show a valid agreement. Here, the court finds no assent on the part of plaintiff. The statements contained in the Employee Handbook and the Acknowledgment signed by plaintiff are, at best, conflicting. In fact, the acknowledgment explicitly states that the handbook does not create a contract.

Finally, defendant argues that the M&R failed to address whether defendant set forth sufficient evidence for a motion for reconsideration. This objection is without merit, as the M&R

thoroughly discussed the new evidence (acknowledgement form) that is before the court and found there is still lack of assent to arbitrate.

A full and careful review of the M&R and other documents of record convinces the court that the recommendation of the magistrate judge is, in all respects, in accordance with the law and should be approved.

Accordingly, the court adopts the recommendation of the magistrate judge as its own; and for the reasons stated therein, the defendant's motions to dismiss certain opt-in plaintiffs and to reconsider the motion to compel arbitration [DE #77 and #79] are DENIED.

This 8TH day of July 2014.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26