IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-69-H-KS

ROSE LORENZO, on behalf of herself )
and all others similarly situated, )
)
    Plaintiff, )
)
v. ) **MEMORANDUM &**
) **RECOMMENDATION**
PRIME COMMUNICATIONS, L.P., a )
Texas General Partnership, )
)
    Defendant. )

This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, ("FLSA") and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 *et seq.*, brought by Plaintiff Rose Lorenzo against her former employer, Prime Communications, L.P. The court previously entered orders conditionally certifying Plaintiff's FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) [DE #74] and certifying a Rule 23 class as to Plaintiff's state-law claims [DE #94]. Presently before the court are offers of judgment made to and accepted by nineteen individuals who have opted-in to the FLSA collective action.

    Rule 68 of the Federal Rules of Civil Procedure provides as follows:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). The plain language of Rule 68 suggests that judgment should be entered upon a party's filing of the offer and notice of acceptance. However, because the accepted offers

at issue here fail to resolve all claims raised in this action, Rule 54 of the Federal Rules of Civil Procedure comes into play. *Roberson v. Paul Smith, Inc.*, No. 5:07-CV-284-F, 2011 WL 683900, at *13 (E.D.N.C. Feb. 18, 2011).

Rule 54 provides, in pertinent part, as follows:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The interplay of these rules suggests that judgment is not to be automatically entered by the clerk where an accepted offer does not include all claims and all parties. *Roberson*, 2011 WL 683900, at *13. Rather, in these instances, Rule 54 provides that final judgment *may* be entered by the court, but only if there is no just reason for delay. *See* Fed. R. Civ. P. 54(b).

When engaging in a Rule 54(b) analysis, a court should consider (1) "whether the judgment is final . . . in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action"; and (2) whether there is any just reason for delay in the entry of judgment. *Roberson*, 2011 WL 683900, at *14 (internal quotation marks omitted) (quoting *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993)).

The accepted offers of judgment at issue here are final for purposes of Rule 54(b). They are ultimate dispositions of the individual plaintiffs' claims made upon Defendant's offer to have judgment entered against it. There will be no further litigation or adjudication of these claims. *See Roberson*, 2011 WL 683900, at *14.

The undersigned further sees no just reason to delay entering final judgment on these claims. Although the FLSA claims for which offer of judgment has been accepted are not factually

2

and legally distinct from the claims remaining before the court, it would appear that "any motions for post-judgment relief or appeals from the acceptances of offers of judgment would concern matters totally separate from the merits of the remaining" claims. *See Roberson*, 2011 WL 683900, at *15.

Accordingly, it is recommended that final judgment be entered as to the claims set forth in the accepted offers of judgment.

## **CONCLUSION**

For the foregoing reasons, the undersigned finds that there is no just reason to delay entering judgment as to the accepted offers of judgment and it is, therefore, RECOMMENDED that the clerk be directed to enter final judgment as to those claims as follows:

> IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff [*plaintiff's name*] shall have and recover of Defendant Prime Communications, L.P., judgment in the amount of $[*amount of judgment*], exclusive of costs, on his/her claim under the Fair Labor Standards Act.

Furthermore, each of the aforesaid plaintiffs should be allowed fourteen (14) days from the entry of judgment to submit a bill of costs pursuant to Rule 54(d)(1) and any post-judgment motions for other costs or expenses pursuant to Rule 54(d)(2).

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **October 3, 2016**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. §

3

Case 5:12-cv-00069-H-KS   Document 214   Filed 09/14/16   Page 3 of 4

636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 14th day of September 2016.

KIMBERLY A. SWANK
United States Magistrate Judge