IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-69-H-KS

ROSE LORENZO, on behalf of herself )
and all others similarly situated, )
)
    Plaintiff, )
)
v. ) **MEMORANDUM &**
) **RECOMMENDATION**
PRIME COMMUNICATIONS, L.P., a )
Texas General Partnership, )
)
    Defendant. )

    This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, ("FLSA") and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 *et seq.*, brought by Plaintiff Rose Lorenzo against her former employer, Prime Communications, L.P. The court previously entered orders conditionally certifying Plaintiff's FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) [DE #74] and certifying a Rule 23 class as to Plaintiff's state-law claims [DE #94]. Presently before the court is an offer of judgment made to and accepted by the following individual who has opted-in to the FLSA collective action: **Brett Bashore** (*See* Not. Acceptance DE #254.)

    Rule 68 of the Federal Rules of Civil Procedure provides as follows:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). The plain language of Rule 68 suggests that judgment should be entered upon a party's filing of the offer and notice of acceptance. However, because the accepted offer

at issue here fails to resolve all claims raised in this action, Rule 54 of the Federal Rules of Civil Procedure comes into play. *Roberson v. Paul Smith, Inc.*, No. 5:07-CV-284-F, 2011 WL 683900, at *13 (E.D.N.C. Feb. 18, 2011).

Rule 54 provides, in pertinent part, as follows:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The interplay of these rules suggests that judgment is not to be automatically entered by the clerk where an accepted offer does not include all claims and all parties. *Roberson*, 2011 WL 683900, at *13. Rather, in these instances, Rule 54 provides that final judgment *may* be entered by the court, but only if there is no just reason for delay. *See* Fed. R. Civ. P. 54(b).

When engaging in a Rule 54(b) analysis, a court should consider (1) "whether the judgment is final . . . in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action"; and (2) whether there is any just reason for delay in the entry of judgment. *Roberson*, 2011 WL 683900, at *14 (internal quotation marks omitted) (quoting *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993)).

The accepted offer of judgment at issue here is final for purposes of Rule 54(b). It is an ultimate disposition of the individual plaintiff's claims made upon Defendant's offer to have judgment entered against it. There will be no further litigation or adjudication of these claims. *See Roberson*, 2011 WL 683900, at *14.

The undersigned further sees no just reason to delay entering final judgment on these claims. Although the FLSA claims for which offer of judgment has been accepted are not factually

2

Case 5:12-cv-00069-H-KS   Document 335   Filed 04/26/17   Page 2 of 4

and legally distinct from the claims remaining before the court, it would appear that "any motions for post-judgment relief or appeals from the acceptances of offers of judgment would concern matters totally separate from the merits of the remaining" claims. *See Roberson*, 2011 WL 683900, at *15.

Moreover, although Defendant made a second or subsequent Rule 68(a) offer to settle Plaintiff Brett Bashore's FLSA claims on December 22, 2016, this offer was ineffectual. Traditional principles of contract law govern Rule 68 offers. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 670 (2016), *as revised* (Feb. 9, 2016). Because a valid offer had previously been made and timely accepted, the parties are bound by their contract to have judgment entered upon the terms specified in the initial offer. *Kutsmeda v. Informed Escrow, Inc.*, No. 3:06CV082 JRS, 2006 WL 1720696, at *3 (E.D. Va. June 22, 2006) ("[A]cceptance of a Rule 68 offer of judgment effectively operates as a settlement and release of all claims against the defendant.").

## **CONCLUSION**

For the foregoing reasons, the undersigned finds that Brett Bashore is entitled to judgment in his favor in accordance with the offer of judgment accepted by him on December 12, 2016 [DE #259]. The undersigned further determines there is no just reason to delay entering judgment as to the accepted offer of judgment. Accordingly, it is RECOMMENDED that the Clerk be directed to enter final judgment as follows:

> IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff Brett Bashore shall have and recover of Defendant Prime Communications, L.P., judgment in the amount of $500 exclusive of costs, on his claim under the Fair Labor Standards Act.

Furthermore, Plaintiff should be allowed fourteen (14) days from the entry of judgment to submit a bill of costs pursuant to Rule 54(d)(1) and any post-judgment motions for other costs or expenses pursuant to Rule 54(d)(2).

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **May 10, 2017**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 26th day of April 2017.

_____
KIMBERLY A. SWANK
United States Magistrate Judge