IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-69-H

ROSE LORENZO, on behalf of )
herself and all others )
similarly situated, )
 )
    Plaintiff, )
 )
v. )
 ) **ORDER**
PRIME COMMUNICATIONS, L.P., a )
Texas General Partnership, )
 )
    Defendant. )

This matter is before the court on defendant's motion to decertify or amend the Rule 23 class previously certified in this action. On January 31, 2018, United States Magistrate Judge Kimberly A. Swank filed a memorandum and recommendation (M&R) recommending that Prime's motion [DE #310] to decertify the Rule 23 class be denied and Prime's motion to amend the Rule 23 class be granted. Defendant objected to the M&R, and plaintiffs responded. The parties also filed, as directed by Magistrate Judge Swank, a joint notice regarding a proposed amendment to the class definition.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636, a district judge "must determine de novo any

part of the magistrate judge's disposition that has been properly objected to." See also Local Civil Rule 72.4, EDNC.

> Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only "*those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*."

United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (citing 28 U.S.C. § 636(b)(1).)

Defendant objects to the M&R arguing that the Magistrate Judge (1) failed to address the elements of Federal Rule of Civil Procedure 23(b)(3), (2) incorrectly concluded that Rule 23's commonality and typicality standards have been met by over-simplifying the rigorous analysis of commonality and typicality required in this matter, (3) failed to consider the merits of plaintiff's North Carolina Wage and Hour Act "NCWHA" claims as part of its class decertification decision, (4) should not have relied on the passage of almost four years since certification of the class as part of her reasoning for recommending denial; (5) and failed to address defendant's argument that plaintiff is not an adequate class representative. Defendant also notes it incorporates its prior arguments from its prior notice of objections [DE #475].

The court finds these objections are without merit. Most of the objections are conclusory. The court notes that class certification questions are matters left to the sound discretion of the court. <u>Amchen Prods., Inc. v. Windsor</u>, 521 U.S. 591, 630 (1997).

Regarding defendant's objection that the magistrate judge failed to address the requirements of Rule 23(b), the M&R specifically states that the court previously certified the class based on Rule 23(b)(3) because "questions of law or fact common to class members predominate over any questions affecting only individual members and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Moreover, the court finds that the common questions of law and fact detailed with examples in the M&R address the proper finding that this class meets the requirements of Rule 23(b)(3), specifically the subscriber management fee issues, the chargeback policy and wage deduction policy issues, and advance notice issues. Furthermore, defendant's arguments regarding the lack of a trial plan are without merit. There is no requirement for a trial plan prior to certifying a class. Therefore, this objection is without merit.

Next, defendant objects to the magistrate judge's finding that Rule 23's commonality and typicality standards have been met.

3

As stated in the prior paragraph, there exist common questions of law that satisfy the commonality requirement and as plaintiff Lorenzo's claims are typical of the claims of the class, that requirement has been met as well. While no doubt there may be some individual damage calculations required, this does not negate the commonality or typicality finding, and in fact is common in class actions. As stated by the magistrate judge, Lorenzo's claims are not particular to her but rather are shared by the class.

The next objection argues it was error for the magistrate judge to not consider the merits of the NCWHA claims in the motion to decertify. However, a court should not engage in "free-ranging merits inquiries." Amgen, Inc. v. Connecticut Ret. Plans and Tr. Funds, 568 U.S. 455, 466 (2013). Instead, the merits are only relevant for the purpose of determining whether the Rule 23 requirements are satisfied. Id. This conclusory objection is wholly without merit as the magistrate judge properly considered the merits to the extent required by Rule 23 and the caselaw.

Turning to Prime's fourth objection, the court finds the magistrate judge also correctly considered the passage of time since the original certification of the class as a factor in considering whether to decertify. See, e.g., Hart v. Louisiana-Pacific Corp., No. 2:08-CV-47-BO, 2013 WL 12143171, at *1 (E.D.N.C. Mar. 29, 2013).

4

Defendant's fifth objection is simply two sentences--arguing that because Lorenzo's claims are not typical, she is also not a proper class representative. Having previously found that her claims are typical, this objection is without merit.

Finally, defendant incorporates its prior notice of objections. However, these objections were conclusory and the court finds any additional objections contained therein to be without merit.

Having found the objections to be without merit, the court hereby finds the magistrate judge's recommendation to deny the motion to decertify to be proper. A full and careful review of the M&R and other documents of record convinces the court that the recommendation of the magistrate judge is, in all respects, in accordance with the law and should be approved. Therefore, Prime's motion to decertify the class is DENIED.

In the alternative, Prime moves to amend the class definition. The magistrate judge recommended amendment, finding that amendment of the class to exclude individuals not similarly situated would, in these circumstances, best serve the ends of justice and promote judicial efficiency and uniformity of decision. Courts have the discretion to modify class definitions as needed and amendment is a "less drastic" measure to decertification. Chiang v. Veneman, 385 F.3d 256, 268 (3d Cir. 2004), abrogated on other grounds by In

5

re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 318 n.18 (3d Cir. 2009); see In re Monumental Life Ins. Co., 365 F.3d 408, 414 (5th Cir. 2004).

The parties agree that amendment of the class definition is appropriate.[1] This court also agrees amendment is appropriate. By order entered March 24, 2014, [DE #94], the class was defined as:

> All natural persons employed by Prime Communications, L.P., in retail stores and kiosks in the State of North Carolina from February 18, 2010 to present who were paid commissions or bonuses based on sales.

The parties were directed to confer and provide a joint notice regarding the proposed amendment to the class definition. By filing March 14, 2018, the parties inform the court they cannot agree on a class definition, but each details the changes they believe are appropriate. While plaintiffs do not explicitly state a new proposed class definition, plaintiffs propose an end date for the class to be modified to November 2013, the month in which all employees were provided written notice of the change in Prime's compensation plan. They argue the February 18, 2010 date should remain the same, asserting that the amended complaint, which added

---

[1] Defendant does not waive its argument that the class should be de-certified, but if such motion is denied, argues in the alternative the class definition should be amended.

6

the claims of class members, relates back to the original complaint in February 2012.

Defendant seeks to limit the class definition to a time period beginning two years prior to the filing of the amended complaint and running until the time when arguably the pay structure changes were implemented (prior to the November 2013 notice to employees). Therefore, defendant proposes the following definition:

> All natural persons employed by Prime Communications, L.P., in retail stores and kiosks in the State of North Carolina from May 4, 2010 to May 31, 2013 (for retail sales employees) and from May 4, 2010 to September 30, 2013 (for retail store managers) who were paid commissions or bonuses during that same period based on point of sales transactions.

Having held in its recent order on the parties' cross-motions for summary judgment that Prime is entitled to summary judgment as to any NCWHA claims arising from deductions made to commissions for sales after November 2013, the court finds the end date for the class definition to properly be November 30, 2013.

As to the beginning date, plaintiffs argue that the amended complaint relates back to the original complaint filing date because it is broad enough to encompass class claims relating back to the initial filing date. To relate back there "must be a factual nexus between the amendment and the original complaint." Grattan v. Burnett, 710 F.2d 160, 163 (4th Cir. 1983), aff'd, 468 U.S. 42 (1984). If there exists a factual nexus, the "amended

7

claim is liberally construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment." Id. (citing Davis v. Piper Aircraft Corp., 615 F.2d 606 (4th Cir.), cert. dismissed, 448 U.S. 911 (1980).

While plaintiff's original complaint did allege a uniform policy and practice by defendant of violating both the FLSA and the NCWHA, nowhere in the original complaint is there any mention of her intention to bring this action on behalf of any class or even the potential addition of any other plaintiffs. While the class claims are obviously factually related to the original claims of plaintiff Lorenzo, there is no evidence that defendant had notice of the class nature of the claims. The court finds that the first pleading which put defendants on notice that this was a putative class action was not filed until May 4, 2012. Furthermore, the court finds the defendant would be prejudiced if the court allowed the class complaint to relate back to the filing date of the non-class complaint. The statute of limitations under the NCWHA is two years, N.C. Gen. Stat. § 95-25.23A; therefore the earliest date for claims by the class would be May 4, 2010.

In accordance with the above findings, the court hereby grants defendant's alternative motion to amend the class definition and redefines the class as follows:

8

All natural persons employed by Prime Communications, L.P., in retail stores and kiosks in the State of North Carolina from May 4, 2010 to November 30, 2013 who were paid commissions or bonuses during that same period based on point of sales transactions.

**CONCLUSION**

For the foregoing reasons, the court adopts the recommendation of the magistrate judge as its own. Defendant's motion to decertify the class [DE #310] is DENIED and defendant's alternative motion to amend the class definition is GRANTED.

This 29th day of March 2018.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26